### M. C. McLAREN ET AL. v. R. H. JONES ET AL.

#### No. 369.—Decided January 27, 1896.

**1. Trustee's Sale.**

Since the act approved March 21, 1889, Rev. Stats., 2369, sales of land under deeds of trust must be made on the first Tuesday of the month. A sale under deed of trust made on any other day passes no title. (P. 133.)

**2. Estoppel.**

One who hears of the declarations of another, not made to him nor intended to be communicated to him, cannot set up such declarations to estop the person making them as to any right that the latter may have in the matter to which the declarations apply. (P. 134.)

**3. Estoppel Against Married Woman.**

To estop a married woman from asserting her rights to land it is essential that she should be guilty of some positive fraud, or else of some act of concealment or suppression which in law would be its equivalent. (Pp. 134-135.)

**4. Same—Case in Judgment.**

A sale of land by trustee was void, but was for the value of the land. The excess of money realized was sent to and was received by the owner, a non-resident and a married woman. In a letter to her agent in Texas she expressed herself as satisfied with the sale. Held: That the wife was not estopped to assert her rights in the land sold, even against persons who had heard of the statement in her letter to her agent that she was satisfied with the sale and had acted upon same. (P. 135.)

**5. Improvements in Good Faith.**

Holders of land under a void deed may be bona fide possessors, and entitled to value of improvements. (P. 136.)

ERROR to Court of Civil Appeals for Second District, in an appeal from Archer County.

The suit was brought by Mrs. McLaren, joined by her husband, to recover back certain land from defendants, who held same under a sale by the trustee named in a deed of trust executed by plaintiffs. Defendants had a verdict and judgment in the trial court, which on plaintiffs' appeal the Court of Civil Appeals affirmed, and appellants procured writ of error.

*C. Von Carlowitz* and *W. L. Husbands,* for plaintiffs in error.—The Court of Civil Appeals erred in holding that a trustee's sale under a deed of trust executed after the Act of March 21, 1889, had gone into effect, on another day than the first Tuesday fixed by law was voidable. Such

sale was void. Rev. Stats., 2369; Lerch v. Hill, 21 S. W. Rep., 183; Fuller v. O'Neil, 69 Texas, 349; Howard v. North, 5 Texas, 290; Peters v. Caton, 6 Texas, 554; Grace v. Garnett, 38 Texas, 157; Sinclair v. Stanley, 64 Texas, 72; Moody v. Moeller, 72 Texas, 637; Fuller v. O'Neil, 69 Texas, 349; Shillaber v. Robinson, 97 U. S., 79; Pierce v. Grimley,. 43 N. W. Rep., 933; Lawrence v. Farmers Loan & Trust Co., 13 N. Y.,. 200; Hall v. Towne, 45 Ill., 493; Perry on Trusts, vol. 2, sec. 602.

The court erred in holding that the wife could ratify the unauthorized. act of her husband's agent without the consent of the husband.

It was error to hold that the facts proven were an estoppel against the wife's rights. Bynum v. Preston, 69 Texas, 291; Wooldridge v. Hancock,. 70 Texas, 21; Steed v. Petty, 65 Texas, 496; Johnson v. Bryan, 62 Texas, 625; Wells' Sep. Prop. Mar. Woman, secs. 267, 268; Herman on. Estoppel and Res. Adj., secs. 974, 1099, 1101; Bound v. Villers, 53 N. Y.,. 93.

*F. E. Dycus,* for defendants in error.—A sale of land, made in accordance with the terms of the deed of trust as to time, place and terms, though at a different time from that prescribed by law, is voidable only and may be ratified by the mortgagor. Bigelow v. Estoppel, 684, 685;. 2 Jones on Mortgages, secs. 1778, 1847, 1902; Zimpelman v. Keating, 72. Texas, 320.

A married woman may estop herself in pais where her conduct is fraudulent in law and intentional, the conduct of plaintiff in this cause was of that character and does operate as an estoppel. Dalton v. Rust, 22 Texas, 133; Hickey v. Behrens, 75 Texas, 488; O'Brien v. Hilburn, 9 Texas, 297; 2 Story Eq. Jur., 814; Dickerson v. Colgrove, 10 Otto, 578;. Cravens v. Booth, 8 Texas, 249; Spafford v. Warren, 47 Iowa, 47; Faxton v. Faxon, 28 Mich., 159.

BROWN, ASSOCIATE JUSTICE.—The facts in this case are not found by the Court of Civil Appeals so as to give a clear understanding upon the question involved, but there is no dispute as to what the facts are, and we state them substantially as follows:

M. C. McLaren, a married woman residing in the State of New Jersey,. owned two tracts of land in Archer County, Texas, which was her separate property; and on the 25th day of October, 1889, joined by her husband, Dan Rice McLaren, she executed a note to R. B. Allen, due at twelve months from date, bearing ten per cent interest from date, for the sum of $500. To secure the payment of the note, Mrs. McLaren and her husband executed a deed of trust to Jesse Green as trustee, empowering him to sell both tracts of land in case the note was not paid, and to apply the proceeds to the payment thereof. The deed also provided that in case Green should, from any cause whatever, fail or refuse to act, or become disqualified from acting, R. B. Allen might appoint a substitute trustee. The deed of trust did not specify any day upon which the land should be sold.

The note was not paid when due, and, Jesse Green having died, Allen appointed F. E. Dycus substitute trustee, who, after having duly advertised the land for sale under the deed of trust, sold one tract, according to the terms of the deed, at public sale, on the 25th day of August, 1891, to J. D. Powell, Wm. Cound and W. W. Mann. The sale was regular, except that it was not made on the first Tuesday in the month. The sale was fairly made and the land sold for its value at that time.

Mrs. McLaren had an agent in Archer County, A. L. Duren, who notified her by letter that the land was advertised for sale, in reply to which she wrote to him that she would try to get up the money and stop the sale. After the sale was made, Duren received a letter from Mrs. McLaren saying that she was satisfied with the sale and would abide by it; which letter he showed to J. D. Powell. Powell informed Cound of the contents of the letter, and a short time thereafter Powell sold his one-third interest to R. H. Jones by warranty deed, for the sum of $500. Powell, before he saw the letter from Mrs. McLaren, was uneasy about his title, but, having seen the letter, he was induced thereby to make a warranty deed to Jones. Cound sold his interest to Mann for $500 and executed a warranty deed, being influenced to make the warranty deed by what Powell told him concerning Mrs. McLaren's letter to Duren. It seems that Mann sold to R. H. Jones, but at what time or at what price, does not appear.

The land sold for $770 at the trustee's sale, and, after deducting the amount of the note, principal, and interest, and expenses of making the sale, there remained $138.34, which Dycus sent to Mrs. McLaren, which was received and appropriated by her.

R. H. Jones went into possession, and made valuable improvements upon the land; but the time at which he took possession, and the date when the suit was brought, do not appear in the record. He testified, in March, 1894, that he had been in possession about two years. The amended petition, upon which the trial was had, does not state the date when the original petition was filed, but the amendment appears to have been filed March 1, 1894.

Mrs. McLaren, joined by her husband, sued to recover the land, setting up the facts, tendered the money received, and offered to pay the note and interest to any person that might be entitled to receive it.

Defendants Powell, Cound, Mann, and Jones, in connection with other pleas, set up the facts hereinbefore stated, and claimed that Mrs. McLaren was estopped to lay claim to the land, and that she had ratified the sale made by the trustee. The trial before a jury resulted in a verdict for the defendants, and judgment was entered in the District Court accordingly, which judgment was affirmed by the Court of Civil Appeals.

The deed of trust under which the land was sold was executed after the Act of the Legislature, approved March 21, 1889, took effect, which required the sale under all such instruments to be made on the first Tuesday in the month. This sale was not made on that day, and no title passed thereby.

The defendants in error claimed, and the Court of Civil Appeals held, that, under the facts of this case, Mrs. McLaren is estopped to lay claim to the land, and this is the only question presented for our consideration.

The facts relied upon as an estoppel against the right of Mrs. McLaren to recover the land, briefly stated, are: that, after the sale had been made by the trustee and the deed delivered to purchasers, she received a part of the purchase money paid by them, and appropriated it to her own use; that she wrote a letter to A. L. Duren stating that she was satisfied with the sale and would abide thereby; and that for about two years she permitted R. H. Jones, one of the defendants, to remain in possession and improve the land. In this connection it will be remembered that she was not a resident of the State, and there is no evidence to show that she knew that Jones was in possession or that he was making improvements upon the land.

Powell, Counds and Mann did not purchase the land upon any representations made by Mrs. McLaren before the sale, and what occurred subsequently thereto could not possibly have influenced them in making the purchase. The letter written by Mrs. McLaren, was addressed to a third person, and it does not appear to have been written with a view to its communication to the purchasers, nor is there anything to show that she knew who had purchased it.

One who hears of the declarations of another, not made to him nor intended to be communicated to him, cannot set up such declarations to estop the person making such declarations as to any right that the latter may have concerning the matter in dispute. Bank v. Todd, 47 Conn., 217; Morgan v. Spangler, 14 Ohio St., 102; Maguire v. Selden, 103 N. Y., 642; Durant v. Pratt, 55 Vt., 270.

We are cited to Dickerson v. Colgrove, 100 U. S. [10 Otto], 578, as being an authority to sustain the judgment of the Court of Civil Appeals in this case. There is a marked difference in the facts of that case and this. In the case cited Edmund Chauncey and his sister had inherited a tract of land in Michigan. Chauncey lived in California. The sister sold the entire tract of land, making a deed to a Mr. Morton. Some time afterwards Mr. Morton wrote to Chauncey in California in reference to the matter, and Chauncey wrote to his sister a letter containing this language: "Mr. Morton wrote me a letter. He wanted to know if I intended to claim any of the Conger farm (the premises in controversy). You can tell Mr. Morton, for me, he need not fear anything from me. Thank God, I am well off here, and you can claim all there. This letter will be enough for him. I intended to give you and yours all my property there, and more if you need it." From this it appears that the letter was written with the intention that it should be communicated to Mr. Morton, and that the letter itself should "be enough" for Mr. Morton's protection, as we gather from this language: "This letter will be enough for him." There is another important distinction between the two cases in this: in that case the writer was a man, subject to different rules of law as to the doctrine of estoppel; in this, the party sought to be estopped is a married

woman, and the rule of law applicable to her is that she cannot be
estopped from recovering her real estate unless she has been guilty of positive fraud.

In Johnson v. Bryan, 62 Texas, on page 626, the court said: "To
estop a married woman from asserting her rights to land it is essential
that she should be guilty of some positive fraud, or else of some act of
concealment or suppression, which in law would be equivalent thereto."
There is no evidence in this case from which it could be concluded that
Mrs. McLaren was guilty of any concealment or suppression of any fact,
or that she was guilty of any fraud whatever.

The fact that Mrs. McLaren received the balance of the purchase
money, after paying the note and expenses of the sale, will not estop her
in this action. Fitzgerald v. Turner, 43 Texas, 82; Johnson v. Bryan,
supra; Coal Co. v. Pascol, 79 Ill., 170; Williams v. Ellingsworth, 75
Texas, 483.

In the last cited case it is said: "It is argued by the appellee that the
appellants are estopped by the acts and conduct of Mrs. Sanford, under
whom they claim as heirs. But the evidence does not disclose such fact
as would constitute an estoppel against her heirs, by reason of any misrepresentations or acts on her part relied and acted on by the appellee, so
as to operate as a fraud in the event of a recovery by appellants. She
proposed to, and did sell the land to Pressley, received the purchase money,
expressed herself as satisfied with the sale, and permitted appellee to take
possession and erect valuable improvements thereon and pay taxes since
1880. But no material facts were suppressed, nor false representations
made by her to induce the purchase." The case just cited is much
stronger in its facts and circumstances than the one now before the court.
The married woman made the sale herself, received the purchase money
herself, and expressly stated that she was satisfied with the sale, and, as
the court says, permitted appellee to take possession and erect valuable
improvements thereon, which necessarily implies that she knew of the
fact of his taking possession and making the improvements. In this case
a married woman, living in a different state, not shown to have known
the laws of the State, is informed that her land is sold under a deed of
trust made by her, and she expresses herself satisfied, to a third party,
with nothing to show that it was intended in any way to influence the
purchaser, and under circumstances that it could not possibly have influenced his action in purchasing the premises.

It is said that the purchasers at the trustee's sale, after being informed
of the letter written by Mrs. McLaren, sold the land and warranted the
title, and that they were induced to make the warranty deeds by the information received through the letter that Mrs. McLaren was satisfied
with the sale. What injury has resulted to them? If it be conceded that
such a statement made after the purchase might, under some circumstances, cause the purchaser to place himself in a position where he would
be injured on account of his reliance upon the statement made, this is not
the case. The argument made can be best answered by a quotation from

Bank v. Todd, 47 Conn., cited above, which was a case involving the same state of facts as in this, and the court there said: "But here he parted with nothing. He had already bought the property, at his own risk, and for a nominal price. (In this case the party paid value.) If he had no title, as we must assume that he had not if we regard him as standing wholly on the estoppel, then he sold the defendants land to which he had no title, making what he received for it so much clear gain. If the plaintiffs recover in their suit and evict the defendants, and they resort to him on his warranty, he will be compelled to pay them back what he received, and when he has done so will stand exactly where he stood when the declarations were made which he is now endeavoring to treat as an estoppel. The only difference would be that he then held land to which he had no title, and which he would be compelled to give up, and now he holds its equivalent in money, to which he has no better title, and which he will be compelled to give up."

If the plaintiff recovers in this suit she must pay to the purchasers, or to the person entitled to receive it, the note and interest which they discharged, and which was a lien upon the land, as well as the money received by her from the trustee, with interest thereon. Jones may recover against the other defendants upon his warranty for the money paid by him, and interest thereon, if they are liable for interest, and thus these parties will be restored to the position in which they were before the sale. That is, Powell, Counds, and Mann will receive from the plaintiff what they paid for the land, or, at least, so much as was applied to the discharge of her debt, and what she received herself; and Jones will recover from them no more than they received for the land; hence, there is no damage done to any of these parties.

If the facts show that Jones was a purchaser in good faith, believing that he was getting a good title, and that so believing he occupied and improved the land, he would be entitled to recover from the plaintiff the value of his improvements, and thus he would be fully protected in all of his equities.

It is claimed that the jury must have found, under the charge of the court, that the letter was written by Mrs. McLaren to Duren with the expectation and intention that it would be shown to Powell. Grant that this is true, still it does not establish the fact that she perpetrated any fraud upon him, made any misrepresentations, or concealed any fact by which he was misled in making his purchase, or that he has suffered in any way by reason of the information that he received as to the contents of the letter.

The case of Cole v. Bammel, 62 Texas, 109, is cited to sustain the decision of the Court of Civil Appeals. An examination of that case will show that it wholly fails to sustain the position taken with reference to this question. In that case the married woman recovered the land, but the Supreme Court reversed the judgment, so far as related to the improvements, upon the ground that the person in possession might be entitled to pay for the improvements made if the facts should show him entitled

thereto; the court said: "The result of our decisions in like cases is that the mere fact that a party buys from one who, he knows, has no power to sell, is not sufficient to make him a purchaser in bad faith. There may be attending or subsequent circumstances which will relieve the possession of such a character and entitle the vendee to payment for his improvements."

There was error in the judgments of the District Court and the Court ·of Civil Appeals, in holding that Mrs. McLaren was estopped from recovering her land in this case by the facts in evidence, and the said judgments are hereby reversed, and the cause remanded for further trial in ·accordance with this opinion.

*Reversed and remanded.*