KEMPNER v. VAUGHN et al. (No. 6746.)

(Court of Civil Appeals of Texas. Galveston. Jan. 27, 1915.)

1. VENUE ☞22 — RESIDENCE OF ONE DEFENDANT.

An action for conversion by both defendants may be brought in the county in which either resides.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. ☞22.]

2. SALES ☞219 — FOR CASH — FAILURE TO PAY CHECK—TITLE—ESTOPPEL.

Though the terms of sale were cash on delivery, and the check given by the buyer was not paid, yet, where there was no fraud, and the check would have been paid had it been presented in due time, whether or not, as between buyer and seller, title passed, the delay of the seller in presenting the check was such laches as to estop him to assert title to the goods against one who advanced money thereon to the buyer without notice that the seller had not been paid.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 588–603; Dec. Dig. ☞219.]

Appeal from District Court, Houston County; C. M. Ellis, Judge.

Action by George Vaughn against Eliza Kempner and others. Judgment for plaintiff, and defendant named appeals. Reversed and rendered.

Aldrich & Crook, of Crockett, for appellant. Williams & Neethe, of Galveston, and Nunn & Nunn, of Crockett, for appellees.

PLEASANTS, C. J. This suit was brought by appellee Vaughn against appellee Brown Bros., a firm composed of W. W. Brown, J. S. Brown, Jr., and F. L. Brown, and appellant Eliza Kempner, to recover the sum of $500 damages for the alleged conversion by defendants of seven bales of cotton, the property of plaintiff. The petition alleges, in substance:

"That on the 24th day of October, 1913, the appellee George Vaughn sold to the appellees Brown Bros. seven bales of cotton at certain stipulated prices and amounting in the aggregate to $462, and that such sale was a cash transaction, and that Brown Bros. gave appellee George Vaughn their two checks on the Farmers' Guaranty State Bank of Kennard, Tex., one for $208.45 and the other for $287.51 in payment of said cotton; that the said checks were worthless at said time and have been worthless ever since; that the said Brown Bros. had no funds in said bank at said time with which to pay said checks, and had no funds in said bank with which to pay the same when this suit was instituted; and that when said checks were presented to said bank for payment the payment of same was refused by said bank, and the same were not then paid nor have they since been paid, although appellee George Vaughn has often requested the payment of same by said bank and by the appellees Brown Bros.; that the appellees Brown Bros., about the 25th day of October, 1913, shipped the said cotton to the appellant Eliza Kempner, then doing busi-

ness at Galveston, Tex., under the name of H. Kempner, and that the said Eliza Kempner received the said cotton and converted the same to her own use and benefit, and has ever since refused to deliver the same to appellee George Vaughn, or to account for the value of same, or any part thereof, although often requested so to do by the appellees George Vaughn and Brown Bros., to his damage in the sum of $500."

The appellant, Eliza Kempner, answered by a plea of privilege to be sued in the county of her residence, which was filed in said cause on the 2d day of February, 1914, and thereafter on February 3, 1914, filed special exceptions numbered 1, 2, and 3, general denial, and special pleas as follows:

"That at the time the appellees Brown Bros. purchased the cotton of appellee George Vaughn, and gave him checks in payment therefor, as alleged by appellee George Vaughn, payable to other persons at the request of appellee George Vaughn, the checks were good and would have been paid by the bank upon which they were drawn if same had been presented promptly, but same were not presented for some days, and in the meantime the cash on deposit and the credit of appellees Brown Bros. with said bank had been exhausted, and upon presentation of said checks payment was refused so the appellant was informed, all of which was due to the fault and negligence of the appellee George Vaughn. in not presenting for payment such checks the day that same were given. That the appellant, Eliza Kempner, purchased in good faith said cotton from Brown Bros. in due course of trade without any notice whatever of any claim of the appellee George Vaughn on or to the same and paid therefor a valuable consideration. That, if it should appear that there was no valid sale by the appellee George Vaughn to the appellees Brown Bros. of said cotton, then the appellant Eliza Kempner would aver and show that the appellee George Vaughn, by his act and conduct placed said cotton in the hands of and in possession of Brown Bros. to be disposed of by them according to their own election, and thereafter Brown Bros. shipped to appellant, Eliza Kempner, in the name of H. Kempner, said cotton, drawing against said cotton at the time the usual and customary amount of money according to the usage and customs of said business; and thereafter such cotton sold and the proceeds of the sale thereof applied to the account of the appellees Brown Bros. and that the appellee George Vaughn is estopped and forever barred from asserting any claim to said cotton or to the proceeds of the sale thereof."

Appellant's plea of privilege and the evidence introduced thereon was heard by the court on February 26, 1914, and the plea was overruled. The cause was tried by the court without a jury on March 7, 1914, and judgment rendered against both defendants for the sum of $462, with interest thereon from October 24, 1913, at the rate of 6 per cent. per annum. From this judgment, Eliza Kempner prosecutes this appeal.

The undisputed evidence establishes the following facts: Appellant is a resident of Galveston county and is the owner of the business conducted under the name of H. Kempner in said county. She has never resided in Houston county, nor had an agent in said county. In the fall of 1913 the appellees Brown Bros. were engaged in the mercantile business at the town of Kennard in Houston county, and in connection with their mercantile business they purchased and sold cotton. They had an arrangement with appellant Kempner under which all cotton purchased by them was shipped to Kempner, who, acting in the capacity of broker, sold the cotton and after deducting the charges for such service accounted to Brown Bros. for the proceeds. Brown Bros. were also authorized to draw on Kempner against the cotton shipped to her under this agreement.

On October 24, 1913, appellee Vaughn sold and delivered to Brown Bros. for the agreed price of $462 seven bales of cotton. The sale was understood by both parties to be a cash transaction. In payment of the price of the cotton Brown Bros. executed and delivered to Vaughn two checks on the Farmers' Guaranty State Bank of Kennard. At Vaughn's request, these checks were made payable to Lundy & Thompson, a firm of merchants at the town of Crockett, in Houston county, and to whom Vaughn was indebted. The town of Crockett is 17 miles from Kennard. Vaughn lives in the country some distance from either town. About a week after the checks were delivered to him, Vaughn took them to Crockett and delivered them to Lundy & Thompson and received credit therefor on his account with said firm. The checks were presented for payment by Lundy & Thompson to the bank at Kennard on November 4, 1913, and payment was refused. These checks would have been paid if they had been presented at any time before November 3, 1913. At the time they were drawn, Brown Bros. had overdrawn their account at the bank; but they had an arrangement with the bank to pay their checks, and drew through this bank for the proceeds of cotton sold by them. A day or two after these checks were drawn, their account showed a credit balance of $1,500. They made several deposits in the bank between October 24th and November 3d, and all checks drawn by them and presented to the bank prior to November 3d were paid. On that day a draft by Brown Bros. on Kempner was refused and the bank declined to extend further credit to said firm, and when the checks in favor of Lundy & Thompson were presented on the next day Brown Bros. had no funds in the bank to meet same. On the day the cotton was sold and delivered to Brown Bros., it was forwarded to Kempner, and Brown Bros. drew on her for the purchase price and the draft was paid. The cotton was contracted to be sold by Kempner before it reached Galveston and was sold and delivered to the purchaser and the proceeds therefor credited to account of Brown Bros. against the advances made to them before Kempner had any notice of the fact that the checks given by Brown Bros. in the purchase of said cotton had not been paid.

[1, 2] We are of opinion that the trial court did not err in refusing to sustain appellant's plea of privilege. The suit being

one for damages for the alleged conversion of property by both defendants, it could be brought in the county in which either of the defendants resided. Cobb v. Barber, 92 Tex. 309, 47 S. W. 963; Cardwell v. Masterson, 27 Tex. Civ. App. 591, 66 S. W. 1121. We are, however, of the further opinion that the facts before stated do not authorize a judgment in favor of appellee Vaughn against the appellant for the value of the cotton, or for any amount. It is well settled that, when a sale of goods is made for cash on delivery, the title to the goods does not pass to the purchaser until the purchase price is paid. If in such case the vendee gives a worthless check for the amount of the purchase price, or gives a check that for any reason is not paid on due presentation, the title would not pass, notwithstanding the delivery of the goods. National Bank of Commerce v. Chicago, Burlington & Northern R. R. Co., 44 Minn. 224, 46 N. W. 342, 560, 9 L. R. A. 263, 20 Am. St. Rep. 566. But where, as in this case, there was no fraud in the transaction and the check would have been paid if presented in due time, it may well be doubted whether the title to the property remained in the seller. The check was not accepted in payment of the purchase money due for the cotton, and Brown Bros. were liable to appellee Vaughn for the amount agreed to be paid; but the holding of the check by Vaughn for the length of time shown by the evidence we are inclined to think constituted a waiver of the condition of cash payment. Be this as it may, we think that the delay of Vaughn in presenting the check was such laches as estops him from asserting title to the cotton against appellant, who advanced money thereon equal to its full value without any notice of the fact that Vaughn had not been paid therefor.

These conclusions require that the judgment of the court below against appellant be reversed, and judgment here rendered in her favor, and it has been so ordered.

Reversed and rendered.

⚷═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes