REEVES et ux. v. SHOOK et al. (No. 1699.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 20, 1920. Rehearing Denied Dec. 8, 1920.)

1. Venue ⬤⟳5(3)—Constructive trustee must be sued in county of residence.

Where lands conveyed by plaintiffs were exchanged for mineral rights, and plaintiffs, asserting they were induced to convey by fraudulent misrepresentations, sought to subject to a constructive trust the mineral rights, and contended their grantees had conveyed such rights to secrete the title, the question in issue regardless of misrepresentations is the title of the record holder, who is a necessary party, and, though an action for rescission, etc., might be maintained in the county where the misrepresentations were made, venue of an action to impress the mineral rights with trust should be laid in the county of the record owner's residence, where the fraudulent conversion occurred.

2. Trusts ⬤⟳94½—No constructive trust against bona fide purchaser.

A bona fide purchaser cannot be held as a constructive trustee, regardless of the fraud of his vendor.

3. Cancellation of instruments ⬤⟳35(3)—. Fraud ⬤⟳39—Grantee of those guilty of fraud not necessary party to action for damages or rescission.

Where plaintiffs were induced by misrepresentations to convey lands, and the lands were exchanged for mineral rights, the ultimate grantee of such mineral rights is not a necessary party to an action for cancellation of damages for deceit.

4. Husband and wife ⬤⟳138(10)—Wife not chargeable with husband's fraud.

A wife is not chargeable with the fraud of her husband, even where he was guilty of fraud in exchanging community property.

5. Trusts ⬤⟳375(1)—Liability of constructive trustee cannot be fixed in action against those guilty of fraud.

Where, through misrepresentations, plaintiffs were induced to convey land, and mineral rights obtained in exchange for the lands were conveyed to the wife of one of the parties, the wife's rights are not affected by the misrepresentations, unless she had notice, and her liability as a constructive trustee cannot be fixed in an action against her husband and collaborator in his fraud, but must be fixed in an action to which she is a party.

6. Venue ⬤⟳5(3)—Action to establish constructive trust must be brought in county where holder of title is resident.

Notwithstanding Rev. St. art. 1830, subd. 7, authorizes suits in cases of fraud to be brought in the county where the fraud was committed, the provision does not extend to an action to impose a constructive trust on mineral rights which the parties guilty of fraud acquired in exchange of the lands thus acquired, and then transferred to the wife of one of them, but such suit, not being based on the original fraud, must be venued in the county of the wife's residence.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Action by Otus Reeves and wife against A. D. Shook and others. From a judgment changing the venue on defendants' plea of privilege, plaintiffs appeal. Affirmed.

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Kinder & Russel and Williams & Martin, all of Plainview, for appellants.

G. E. Lockhart, of Tahoka, Kimbrough, Underwood, Jackson & Simpson, of Amarillo, and A. C. Hatchell, of Plainview, for appellees.

HUFF, C. J. Appellants, Otus Reeves and his wife, Gaudulupe Reeves, sued the appellees, A. D. Shook, M. M. Herring, and S. A. Shook, in the district court of Hale county, Tex., to fasten a constructive trust on, in, and to an undivided one-eighth interest in all oil, gas, and minerals in and under land in Eastland county, Tex., subject to a lease then existing. The land is known as T. J. Henry Preemption survey of 79½ acres and 106¼ acres of the Gaudulupe College survey. Both tracts were owned by one A. M. Anderson. The facts relied on as establishing the trust in the land, as alleged in the petition, are substantially that in December, 1918, appellants owned in fee simple section 111, in block A, and about 16 acres of section 102, block A, situated in Swisher county; that on that date appellants conveyed to A. D. Shook an undivided one-half interest thereof in consideration of certain oil leases on lands in Lynn county, Tex.; that to induce the appellants to make conveyance A. D. Shook, acting for himself and for M. M. Herring, made certain false and fraudulent representations in Hale county, Tex., to the appellants. The effect of the representations was that he was organizing a corporation, with $100,000 capital stock, and that the corporation was putting down, or would put down, a well on adjacent lands to the lands covered by the leases to the depth of 4,000 feet, and if no oil was struck at that depth, they would put down another well on adjacent lands; that the company had the money with which to do the work, and that if it did not that he himself would furnish the money and put down the well. As a matter of fact the company had no sufficient funds for putting down the well, which was known to Shook, and that in fact the company or he had no intention or purpose of putting it down, and that they did not put down the well, but stopped work thereon, alleging other facts showing the inducement to the execution of the conveyance. The appellants in their petition offered to surrender to appellee the leases on the Lynn county land, which they had received as consideration for the conveyance of their land, they alleging that these leases were absolutely valueless and no consideration for their deed. They alleged that thereafter and before appellee's discovery of the falsity of the representations, A. D. Shook conveyed an undivided half interest in the lands theretofore conveyed by appellants to one A. M. Anderson, in consideration of the undivided one-eighth interest in the oil, gas, and minerals in and under the land first above set out; that Anderson conveyed this one-eighth interest to M. M. Herring, and thereafter M. M. Herring conveyed this interest to S. A. Shook; that Herring and A. D. Shook were jointly interested in all matters and things alleged; that the deeds to M. M. Herring and from him to S. A. Shook were made with the fraudulent intent and for the purpose of hiding the title of the said A. D. Shook to the minerals aforesaid; that Herring and S. A. Shook took title to the minerals as trustees for A. D. Shook, and paid no consideration for the mineral deeds to them; that the title and interest in the minerals so conveyed and purchased was paid for by the proceeds of appellants' lands, originally conveyed by them to A. D. Shook, and that appellees are and should be charged in equity as trustees for appellants, and to hold the title in said oils, gas, and minerals, for the use and benefit of appellants. They pray for judgment, establishing a trust in said minerals and divesting title thereto out of A. D. and S. A. Shook, and vesting title in appellants, etc.

The appellees pleaded their privilege to be sued in the county of their residence, which pleas are in statutory form. Herring pleaded that at the institution of the suit his residence was in Lynn county, and at the time of making his plea his residence was in Tarrant county. D. A. and S. A. Shook allege their residence to be in Lynn county, Tex. The appellees each pray that the cause be transferred to Lynn county, Tex.

The appellants filed a controverting plea or affidavit in reply to the pleas of privilege, and state, in effect, that the suit is founded upon false representations, which were made by A. D. Shook, acting for himself and M. M. Herring, and as against S. A. Shook, as claiming under Herring and A. D. Shook that all false representations were made to appellants in Hale county, Tex., where the suit was then pending; that A. D. Shook, acting for himself and the said Herring, did in the county of Hale, represent, etc., setting out the false representations substantially as pleaded in the original petition; that S. A. Shook is now, and at all times during the transactions involved in this suit was, the wife of appellee A. D. Shook; that the representations were made for the benefit of the community estate of Shook and wife; that the leases transferred to appellants were the community property of Shook and wife, and the property acquired from appellants became the community of said parties and for the benefit of the community; that the conveyances from Anderson through Herring to S. A. Shook, as set out in the petition, were made with the fraudulent intent and for the purpose of hiding the title to said minerals, and that all three of appellees are jointly interested in all the matters and things set out.

The appellees filed what is designated a "Demurrer to the Controverting Plea," to the

effect that it is insufficient in law, and shows no defense to the several pleas of privilege filed by the appellees, and especially as to S. A. Shook, is insufficient, and specially excepts to all that part of the controverting plea not contained in the original petition, as to A. D. Shook and S. A. Shook being husband and wife, and the allegation as to the community rights of said parties in the properties, etc. The trial court sustained the demurrer as to Mrs. S. A. Shook. The appellants electing to stand on their pleadings and controverting affidavit, the court changed the venue to Lynn county, Tex., to which action of the court the appellants excepted, and prosecute an appeal to this court from that judgment.

The assignments are based on the action of the court in sustaining the exceptions. It is asserted by propositions: (1) The controverting plea shows that plaintiffs' cause of action was placed on false representations made in Hale county, and the mere fact that the wife did not make the representations would not defeat the venue; (2) that the representations were made for the benefit of the community of S. A. and A. D. Shook, and that she held title to the minerals in trust, resulting from the fraud; (3) that the representations were made for the benefit of the community, and the property so acquired was the community property, and that she was bound by such representation.

[1] In discussing the venue it becomes necessary to consider the cause of action as pleaded. In doing so, it is not our purpose to determine authoritatively as to this case that a cause is or is not pleaded, or that a trust by the facts alleged is or is not shown in the proceeds held by Mrs. Shook. We, therefore, only assume there is a cause for the purpose of determining its venue. We now make the explanation that no misinterpretation in the future progress of the case may be placed upon any expression of ours that may seemingly touch the merits of the issue set up in the petition.

[2-5] We think the allegations in the petition at least suggest that S. A. Shook took the title to the minerals as trustee in invitum for the appellant. It will generally be found where the doctrine of constructive trust is applied are cases where there is a breach of duty or want of good faith and fair dealing on the part of the persons acquiring the property, or of him from whom or under whom he has gotten it, of which he had actual or constructive notice. Hendrix v. Nunn, 46 Tex. 141; Martin v. Robinson, 67 Tex. 368, 3 S. W. 550; 3 Pomeroy, Equity Jurisprudence (3d Ed.) pars. 1044, 1048, 1053. It is contended this action is founded upon false representations. We do not so understand the action. These representations may be evidence which appellants must prove to obtain the proceeds in land, the title of which is in Mrs. Shook. The question at issue is her title—whether legal or equitable; whether she holds it in trust or absolutely. This title is the issue. This is the foundation of the suit. The petition shows her title comes from Anderson in Eastland county, who conveyed to Herring of Lynn county and from Herring to Mrs. Shook of Lynn county. It is alleged that A. D. Shook and Herring made conveyance to Mrs. Shook with the fraudulent intent and for the purpose of hiding the title of A. D. Shook to the minerals. It is not alleged where the fraud was consummated in placing the title in Mrs. Shook. The inference is strong that it was not in Hale county. It is not alleged that Mrs. Shook had notice of the fraud where she received the title. The mere fact that A. D. Shook obtained a conveyance from appellants to their land by false representation does not charge, necessarily, Mrs. Shook with the title to proceeds thereof as a trustee. Of course if she is not a bona fide purchaser, and appellants show that fact, and further show such fact as would fasten a constructive or resulting trust on the proceeds, they may recover; but it seems to us they must go to her county to show that her title is that of trustee, held for their benefit. If this is determined to be an action to establish a resulting trust in the proceeds, the title to which Mrs. Shook held and obtained by reason of the wrongful conversion of the land into the proceeds, and fraudulently placed in her name the title to cover up and hide, then such wrongful conversion is not alleged to have occurred in Hale county. The venue would be in the county where the fraudulent conversion occurred. Fox v. Fox, 179 S. W. 886 (3). Such, in effect, is the holding of the case cited by appellants. Garden Valley Mercantile Co. v. Faulkner, 189 S. W. 300. If it had been a suit for cancellation and rescission of the conveyance on account of the fraud in Hale county, or for damages for deceit in that county, the venue could have been laid in that county, but, as we understand, in neither would Mrs. Shook have been a proper or necessary party. Walling v. Harding, 73 Tex. 580, 11 S. W. 547; Haynes v. Stovall, 23 Tex. 625.

She would not have been personally liable for the deceit of her husband, and certainly not of Herring's. She could not be charged with the fraud of her husband, either actual or constructive, if she did not actively participate in it. Etheridge v. Price, 73 Tex. 597, 11 S. W. 1039; Lewis v. Hoeldtke, 76 S. W. 309; McLaren v. Jones, 89 Tex. 131, 33 S. W. 849; Bledsoe v. Barber, 220 S. W. 369. It will be noted this is not a suit in the alternative for rescission or for damages. If a trust is not enforced on the title in Mrs. Shook, appellants' remedy is gone against the property itself, and the hand of the court is stayed, and appellants' remedy would be a personal one against the parties committing the fraud. Martin v. Robinson, 67 Tex. 368, 3 S.

W. 557. We do not think the allegation that the land conveyed in consideration of the oil leases in Lynn county was community property of Shook and wife, and that the leases were also community property, in any sense rendered the wife personally liable for the husband's fraud, or will charge her estate therefor. All that can be claimed is that the proceeds of this land entered into property the title to which the wife now has in her name. If this title is set aside or is shown to have been acquired in bad faith by the wife, it may be she can be charged as a trustee. That is the issue involved in this suit. The facts inhering in her title to the specific property in question, if fraudulent, illegal, or wrongful, are not alleged to have occurred in Hale county. All the antecedent acts, representations, etc., are mere collateral facts. Herring and her husband, except pro forma, are not necessary parties in the litigation of her title. They may be proper parties for the purpose of foreclosing any interest they may possibly assert, but are not such parties as will fix the venue to try her title to property. In other words, her rights are not affected by the deceit practiced in Hale county by Shook and Herring, except in so far as she may have had notice thereof, or may have acted with them in secreting or covering up the property in question, none of which are charged to have occurred in Hale county. A judgment against A. D. Shook and Herring alone in Hale county would not have divested title out of Mrs. Shook. So, to obtain the title it was necessary to sue her.

[6] The appellant seeks to establish the venue of this suit under subdivision 7 of article 1830, R. C. S., which authorizes suits in all cases of fraud to be brought in the county in which the fraud was committed. Neither defendant is alleged to reside in Hale county, but all, at the time of the institution of the suit and since, resided in Lynn county. If this was an action of deceit, and they were jointly guilty of the fraud upon which the action was founded, they could be sued in Hale county, where it is alleged to have been perpetrated. Kempner v. Vaughan, 174 S. W. 695. As seen, Mrs. Shook was not guilty of the fraud charged. Her husband was not her agent, and could not bind her by his wrongful acts. Admittedly, her connection with the proceeds of the transaction was at a later date and in a different county. She is sought to be made liable, upon a different ground; that is, she has title to the proceeds sought to be traced into her hands and held by her as a purchaser without paying value, and for the purpose of covering up and hiding the property of her husband. It is not contended her wrongful connection with the property occurred in Hale county. This action against her, then, is a different one to that against the other defendants, who are alleged to be guilty of fraud and deceit rendering them subject to a suit for rescission or for damages. Where the causes set up are separate and distinct, the codefendant is neither a proper nor necessary party, and the plea of the nonresident should be sustained. It is our view the court properly sustained the exception. Bank v. Gates, 213 S. W. 720; Hilliard v. Wilson, 76 Tex. 180, 13 S. W. 25; McCauley v. McElroy, 199 S. W. 317; Stephens v. Bank, 146 S. W. 620; Shaw v. Stinson, 211 S. W. 505; Railway Co. v. Mangum, 68 Tex. 342, 4 S. W. 617; Railway Co. v. Bermea Land Co., 54 S. W. 324; Behrens v. Hamilton, 92 Tex. 284, 48 S. W. 5; Railway Co. v. Boger, 169 S. W. 1093; Pittman v. Boatenhamer, 210 S. W. 972.

The judgment of the court will be affirmed.