## LYON v. GRAY. (No. 2382.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 12, 1924.)

**1. Venue ⬅➡7—Action for breach of contract brought in wrong county as nonresident defendant had no obligations to perform there.**

Where written contract did not stipulate any obligation on defendant to be performed in county where suit is brought, except as to one matter which is not involved in action, case held not within Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 5, allowing actions for breach of contract to be brought in other than county of defendant's domicile.

**2. Venue ⬅➡5(1)—Attempt to impress land with trust vests jurisdiction in county where land lies.**

Suit to impress land with trust vests jurisdiction in county where land lies, irrespective of residence of defendant.

**3. Venue ⬅➡8—No fraud alleged; therefore action should be brought in county of defendant's residence.**

Where it was not alleged that defendant fraudulently did any of the acts complained of as breach of contract, case was not within Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 7, providing exception to provision that resident of state must be sued in county of his domicile.

**4. Venue ⟨∞⟩8—"Dispossession" not alleged to be wrongful; therefore action improperly brought in county of which defendant is not resident.**

Where it was not alleged that dispossession of plaintiff by court order was wrongful, case was not within Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 9, providing exception to provision that resident of state must be sued in county of his domicile, dispossession not implying wrongfulness (citing Words and Phrases, First Series, "Dispossession").

Appeal from District Court, Wheeler County; W. R. Ewing, Judge.

Action by J. W. Lyon against Wm. Gray. From a judgment for defendant on his plea of privilege alleging residence in another county, plaintiff appeals. Affirmed with directions.

E. O. Northcutt, of Amarillo, for appellant.
Cole & Simpson, of Clarendon, for appellee.

HALL, C. J. The appellant filed this suit in the district court of Wheeler county against appellee, alleging that the latter resided in Donley county. The substance of the petition is that on or about October 6, 1921, the plaintiff was the owner of, and in possession of a certain tract of land situated in Wheeler county; that the defendant, Gray, as the owner of certain indebtedness against said land, secured by a lien thereon, filed his suit entitled, "Wm. Gray v. J. W. Lyon," for the purpose of recovering judgment for the amount of the indebtedness and to foreclose his lien upon the premises. The plaintiff further alleges that prior to the institution of said suit he had told defendant, Gray, that he would not be able to pay off the indebtedness at maturity, and had made arrangements to sell the land, and had sold it for $30 per acre; that defendant begged plaintiff not to sell said property, and promised that he would extend the notes which evidenced the indebtedness, and because of such promise on the part of defendant, plaintiff called off the sale; that thereafter the defendant filed the above mentioned suit to foreclose the lien upon the land which plaintiff was going to contest, because of the promises made by defendant; that after some negotiations between the parties, the suit was compromised and settled by plaintiff and defendant entering into the written contract made a part of the petition. The written contract referred to, recites that whereas, on the 31st day of December, 1918, Wm. Gray sold and conveyed to Lyon the land described in the petition in consideration of the execution of the seven notes therein described; that thereafterwards Wm. Gray transferred and assigned the notes, together with the vendor's lien, to Dr. Wm. Gray, the defendant, and whereas, Dr. Gray has filed suit to recover the amount of said notes and foreclose said lien, and whereas, both parties are desirous of settling the

matters involved in said suit and of dismissing said suit, therefore, in consideration of the dismissal of said suit by Dr. Gray, the said Lyon joined by his wife, has this day conveyed said land to the said Gray, and for the further consideration of the cancellation of the notes and the assumption by the said Gray of $3,300 secured by a lien upon said land, held by the Federal Farm Loan Bank, at Houston, Tex. It is further stipulated in the contract that Dr. Gray would keep and retain the title to the said land in himself for a period of eight months from date of the contract, unless within said time Lyon should sell said property upon terms stated in the contract, or in the event said Lyon should fail to sell the land, he should negotiate a loan thereon and with the proceeds pay off and satisfy the Federal Loan Bank, and pay to Dr. Gray $2,082.76. In said contract Lyon bound himself to pay all taxes and the annual interest due upon the federal loan. It was further stipulated that if the land was not sold, and no loan was negotiated by Lyon within eight months, that the contract should be void. The contract then provides in substance, that if Lyon should fail to exercise either of the options within the eight months which expired the 6th day of June, 1922, then, that Gray should lease him the land from that date until November 15, 1922, for cash rent of $250; that Lyon should vacate the premises on November 15, 1922, and if any crops were ungathered at that time, then Gray bound himself to cause any subsequent lessee to harvest all ungathered crops, for which services Lyon agreed to pay the reasonable and customary price. The petition sets out that term of the contract which permitted plaintiff to sell the land or to procure loans upon the same, and alleges that Dr. Gray agreed not to place the deed of record, but that instead of complying with his promise, he did place the same of record in Wheeler county, thereby vesting title in himself. Plaintiff alleges further that he found a buyer for the land but was unable to sell it because Dr. Gray and his wife refused to execute proper deeds of conveyance to his proposed purchaser. Plaintiff further alleges that he then secured a company which was willing to make a loan upon the land, but that defendant refused to sign proper applications and other necessary papers to consummate the loan—

"and because of his acts in placing the deed of record and placing the title of record in his name, and the failing and refusing to sign the papers, placed plaintiff where he could not act according to said contract, and by such actions breached the contract, to the damage of plaintiff to the extent of the value of the land," etc.

The petition further alleges:

"That on or about the 4th day of January, A. D. 1923, this plaintiff was dispossessed of

the above described property by an order caused to be issued by this court out of cause No. 991 of the district court of Wheeler county, Tex., to the plaintiff's damage of $10,000."

Dr. Wm. Gray filed his plea of privilege alleging that he resided in Donley county. The plea was controverted, and the court, after hearing the evidence, sustained the plea. This appeal is from that judgment. The appellant insists, first, that his pleadings made such a case of fraud perpetrated in Wheeler county as to authorize the prosecution of the suit in said county, under V. S. C. S. art. 1830, subd. 7. It is next insisted that because the petition shows that appellant was wrongfully dispossessed by writ of sequestration issued out of the district court of Wheeler county, that he is entitled to maintain said suit in that county, under subdivision 9 of the above statute. The third contention is that because his suit is based upon a written contract to be performed in Wheeler county, he is entitled to maintain the action in said county, under subd. 5 of statute. The statute provides that:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit: * * * 5. Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile. * * * 7. In all cases of fraud, and in cases of defalcation of public officers, in which cases suit may be instituted in the county in which the fraud was committed, or where the defalcation occurred, or where the defendant has his domicile. * * * 9. Where the foundation of the suit is some crime, or offense, or trespass, for which a civil action in damages may lie, in which case the suit may be brought in the county where such crime, or offense, or trespass was committed, or in the county where the defendant has his domicile."

[1] We will take these contentions up in the order presented by the exceptions copied above. The contract which was made an exhibit to the petition, does not stipulate that any of the obligations resting upon Dr. Gray should be performed in Wheeler county, except that portion of the same relating to the matter of harvesting the crops. With this exception, the contract does not necessarily imply that he shall perform any part of it in Wheeler county. The matter of harvesting the crops is not involved in this suit, and the rule is, that in order to confer jurisdiction upon the courts of Wheeler county, it must appear that the particular stipulation involved in the suit is performable in such county. Wrenn v. Brooks (Tex. Civ. App.) 257 S. W. 299.

[2,3] The allegations of the petition are not sufficient to show such fraud committed in Wheeler county as would entitle appellee to maintain the suit, and while it is alleged that Gray was to hold the land without re-cording the deed, thereby making him a trustee for six months, it is not alleged that the deed and contract were procured with the fraudulent intention of recording said deed, or that he fraudulently refused to convey the property to the purchaser secured by Lyon, or that he fraudulently refused to do what was necessary to consummate the loan, nor is it alleged that any of these acts which the petition declares to be a breach of contract, were committed in Wheeler county. The allegations do not bring the appellant's case within the rule announced in Boothe v. Fiest, 80 Tex. 141, 15 S. W. 799; Id. (Tex. Sup.) 19 S. W. 398. No attempt is made by the pleader to impress the land with a trust in his favor, which if done, would have vested jurisdiction at plaintiff's option in Wheeler county. Reeves v. Shook (Tex. Civ. App.) 225 S. W. 429. There is an absence of any allegation that the deed and contract were procured with a fraudulent intent at the time, and without such allegations, Lyon's action is nothing more than one for damages for a breach of contract which cannot be maintained in Wheeler county. Adams v. Wallace (Tex. Civ. App.) 217 S. W. 1079; Coons v. Seeliger (Tex. Civ. App.) 254 S. W. 1015; Haddaway v. Smith (Tex. Civ. App.) 256 S. W. 965. The alleged promise on the part of Gray not to record the deed until the expiration of six months cannot form the basis of an action in Wheeler county, unless it is made with the fraudulent intent at the time to violate the promise. Harper et al. v. Lott T. & I. Co. (Tex. Com. App.) 228 S. W. 188; Id. (Tex. Civ. App.) 204 S. W. 452; Masterson v. Baughn (Tex. Civ. App.) 242 S. W. 1080; Landa v. Hunt (Tex. Civ. App.) 45 S. W. 860; Accidental Oil & M. Co. v. Shoemake (Tex. Civ. App.) 254 S. W. 385; Alvis v. Holbert (Tex. Civ. App.) 238 S. W. 730; Latshaw v. McLean (Tex. Civ. App.) 238 S. W. 1003. The assumption by Gray of the amount due the Federal Land Bank would not establish venue in Wheeler county merely because the land lies in said county. Cogdell v. Ross (Tex. Civ. App.) 243 S. W. 559.

[4] The allegation of the petition with reference to the fact that plaintiff had been dispossessed by some sort of an order, is too vague and uncertain to bring the case within subdivision 9 of the statute. So far as the allegation shows, the plaintiff may have been legally dispossessed. "Dispossession," as defined by Bouvier (volume 1, p. 888), is incorrect in the light of American decisions; that eminent lexicographer has adopted Blackstone's definition. According to the rule adopted by the courts of this country, dispossession does not necessarily imply wrongfulness; it is defined in 3 Words and Phrases, 2120, as follows:

"Disseisin is an estate gained by wrong and injury, and therein it differs from dispossession which may be by right or wrong. This

is the universal language of the best authorities from the time of Littleton," citing cases.

The allegation in the petition that on the 4th day of January, 1923, plaintiff was dispossessed of the above described property by an order caused to be issued by the defendant out of cause No. 991 of the district court of Wheeler county, is not the statement of such facts which show to the court that plaintiff was wrongfully or illegally dispossessed.

The judgment of the court is affirmed, and it is ordered that the clerk of the district court of Wheeler county prepare a proper record of the proceedings and transmit the same as required by statute to the district court of Donley county.

Affirmed.