# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1887.

### No. 2150.

### CARL SCHWARZ *v.* THE NATIONAL BANK OF TEXAS.

ESTOPPEL—HOMESTEAD.—A failing debtor conveyed to his creditor a lot in a city upon which he resided with his children. His wife he left in Europe when he came to the United States, expecting her to afterwards join him in Texas. When the deed was made and accepted in satisfaction of the debt, the creditor asked the debtor if he had a wife, and the latter answered that he had not. In a suit brought by the creditor to recover the property thus conveyed, the debtor pleaded that the property was his homestead. *Held:*

(1) That the debtor was estopped from asserting and proving that he had a wife.

(2) There was no error in the judgment rendered in favor of the creditor for the recovery of the property.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

Schwarz, the appellant, made a warranty deed for a city lot to The National Bank of Texas, for value credited to Schwarz as paid on his indebtedness to the bank, and thereupon became a tenant to the bank, at rental of twenty-five dollars per month. The National Bank demanded possession from Schwarz, and possession was refused.

Suit was instituted by sequestrian, and was tried before the court without a jury. Schwarz was defeated in his defense set up to the effect that his deed was only a mortgage and had not been signed by his wife—whose existence he had denied and concealed from The National Bank of Texas when the deed was made. Judgment for the bank and for writ of possession.

*M. E. Kleberg, R. G. Street* and *Labatt & Noble*, for appellant, that the property was the homestead of appellant and his wife, cited Clements v. Lacy, 51 Texas, 151; Henderson v. Ford, 46 Texas, 627. That the conveyance from Schwarz was void, they cited Constitution of Texas, Article 16, section 50; Revised Statutes, Article 560; Rogers v. Renshaw, 37 Texas, 625; Connor v. McMurray, 2 Allen (Massachusetts), 202; Doyle v. Coburn, 6 Allen, 72; Ayres v. Probasco, 14 Kansas, 190; Richards v. Chase, 2 Gray, 385; Thompson on Homesteads and Exemptions, section 474.

GAINES, ASSOCIATE JUSTICE. This was an action of trespass to try title, brought by appellee against appellant to recover a house and lot in the city of Galveston. The cause was submitted to the judge, who filed his conclusions of law and fact. The correctness of the findings of fact is not called in question in this court, and from them it appears that appellant came to the city from Germany, and acquired the lot in controversy; that he brought with him a family of children, and moved with them upon the lot, making it his homestead; but left a wife in Germany, expecting her to afterwards join him in Texas.

It also appeared that he became indebted to appellee in a large amount and failed in his business, and that, in payment of a part of the indebtedness, he conveyed to appellee the property in controversy.

This finding also appears: "At the time of the execution of the deed, plaintiff asked defendant if he had a wife, and he said he had not."

Under this state of facts, the court below held that appellant was estopped to set up a homestead right on behalf of his wife, and we think this conclusion correct. The object of the inquiry by appellee and that of the answer by appellant are both apparent. The former was to ascertain whether appellant had the right to convey the property or not; the latter was to lead appellee's agent to believe that the right existed, and thereby induce the consummation of the transaction. The representation that appellant had no wife was acted upon by appellee; and it would seem that the most serious question which is presented under the facts of the case is, whether the latter has been prejudiced thereby or not.

Was appellee's position changed for the worse by accepting the deed and canceling in part its debt, provided it should be held

that the deed was inoperative by reason of the fact that the grantor had at the time a wife? This question must be answered in the affirmative. It is to be presumed that by the transaction the bank was prevented from taking, or at least induced not to take, prompt action for collecting or securing so much of the debt as purported to be extinguished by it. That this is sufficient to create an estoppel, has been held by courts of the highest authority, and we think their decisions upon this proposition correct. (Casco Bank v. Keene, 53 Maine, 103; Central Bank v. National Bank, 50 New York, 576; Voorhes v. Olmstead, 66 New York, 113; see also Tobin v. Allen, 53 Mississippi, 563.)

What, then, is the estoppel in this case? In McCance v. London & Northwestern Railway Company (7 Hurl. & N., 477) it is said: "If there be one principle of law more clear than another, it is this, that when a person has made a deliberate statement with a view to induce another to act, and he has acted upon it, the former is not at liberty to deny the truth of the statement so made." Applying this principle, which is elementary, we see that appellant is precluded from setting up in defense of this action the fact that he had a wife. In other words, so far as his rights in this case are concerned, his fiction becomes a fact; and we have a case in which the head of a family, who has no wife, has conveyed his homestead by deed for a valuable consideration.

It may be that, if appellant had not represented that he had no wife, his deed being void by the express terms of the constitutional provisions on the subject, he would not be estopped by the conveyance from setting up the facts and its consequent invalidity. But, having made the representations under the circumstances shown by the finding of the court below, he is not permitted to say that he had a wife, and the case must be considered and determined as if he were an unmarried man at the date of the transaction.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered January 11, 1887.