## ADLER v. FORT WORTH STATE BANK.*
(No. 11777.)

Court of Civil Appeals of Texas. Fort Worth.
April 23, 1927.

Rehearing Denied May 28, 1927.

1. Husband and wife ⬪265½—Woman representing that she was divorced and that property mortgaged was her separate property was estopped to subsequently claim property was community property.

Where bank was induced to loan money to woman on faith of her representation that she was divorced woman, that property was her separate property and that she had right to mortgage same, she was estopped, in suit against bank for conversion, to claim that mortgage was void because property was community property of herself and husband and that husband did not join in mortgage or authorize same, and hence errors in submitting issues or refusing requests relating to question whether mortgage was given on community property, if any, were immaterial.

2. Appeal and error ⬪1002—Finding under conflicting evidence on question whether property was pledged or deposited with bank must be sustained.

In suit for conversion of diamond rings, jury's and court's findings on issue whether property was pledged to bank to secure extension of mortgage and for additional loans, or whether it was merely deposited with bank for safe-keeping, must be sustained, where evidence thereon was merely conflicting.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by C. A. Irving against the Fort Worth State Bank, in which Mrs. Evelyn Lindsey Adler intervened. Judgment for defendant, and intervener, joined pro forma by her husband, alone appeals. Affirmed.

Sam J. Hunter and Dee Estes, both of Fort Worth, for appellant.

Wm. J. Berne, of Fort Worth, for appellee.

CONNER, C. J. This suit was filed on August 21, 1918, by C. A. Irving, to recover damages for the alleged conversion of certain household goods and furniture, mortgaged to the Fort Worth State Bank by Mrs. Evelyn Irving, wife of C. A. Irving, on December 18, 1917. It was averred that the mortgage was void because the property was community property of himself and wife, and that he neither joined in the mortgage nor authorized its execution. He further sought to recover the value of two diamond rings alleged to have been community property and delivered to the bank by Mrs. Irving for safe-keeping in the early spring of 1918, which it was alleged the bank converted. On February 14, 1921, C. A. Irving filed his second amended original petition, on which he went to trial, alleging substantially as in his original petition, and prayed for judgment for the value of the property in a large amount, as well as for punitive damages.

In September, 1925, more than seven years after the suit had been filed, the appellant, Mrs. Evelyn Adler, intervened and alleged that she was Irving's wife at the time of the conversion of the property and so remained until her divorce from him in April, 1922; that subsequent to the divorce she married her present husband, Fred D. Adler. She alleged that, after the dates of the several conversions alleged in the petition of C. A. Irving and before the filing of the suit by him, he conveyed to her the causes of action arising from said conversion, whereby the damages therefor became her separate property. She further adopted, as the basis of her plea in intervention, the facts alleged in the second amended original petition of C. A. Irving.

The appellee bank defended on the ground that all of said property, except said two diamond rings, had been mortgaged to it by Mrs. Evelyn Irving to secure a loan of money from the bank to her; that at the time of the execution of the mortgage the property covered thereby was her separate property which she was authorized to convey. It was further alleged that at the time of the execution of the mortgage the defendant had loaned to her $2,100 in cash, accepting the mortgage as security for repayment, and that at that time intervener had represented to the officers of the bank that she had been divorced from her husband, and that

the alleged conversion arose by reason of the fact that the bank had regularly seized and sold the property under its mortgage, which the defendant alleged to be valid.

As to the two diamond rings, the defense was that they were the separate property of Mrs. Irving, and had been pledged and delivered to the bank after the mortgage loan, in order to secure an extension of its due date, and as additional security therefor, and for an additional loan.

The case was submitted to a jury upon special issues, in answer to which the jury, among other things, found to the effect that the property in controversy was the separate property of Mrs. C. A. Irving at the time of the execution of the mortgage thereon on December 18, 1917; that the title thereto was in Mrs. C. A. Irving only; that at the date of the execution of the mortgage the officers of the defendant bank in good faith believed that the property mentioned in the mortgage was the separate property of Mrs. C. A. Irving; that prior to and at the time of the execution of the mortgage Mrs. C. A. Irving, by an instrument in writing or by statements made by her to the officers of said bank, caused said officers to believe that the property upon which said mortgage had been given was her separate property—that is, that the title to the same was in her only —and that such officers were thereby induced to accept said mortgage and make the loan to her by reason of such instrument in writing or statements made by her.

There were other findings of the jury not thought to be important in view of our disposition of the case, and which therefore will not be noticed. We think it sufficient to state that upon the findings of the jury above indicated the court entered its judgment that the plaintiff, C. A. Irving, take nothing by his suit, that the intervener, Evelyn Adler, joined pro forma by her husband, Fred D. Adler, take nothing by her plea of intervention, and that the defendant, the Fort Worth State Bank, go hence without day and recover from the plaintiff, C. A. Irving, and the sureties on his bond, and from Evelyn Adler all costs incurred for which execution might issue. From the judgment so rendered, the intervener, Mrs. Adler, joined pro forma by her husband, alone appeals.

It is undisputed in the evidence that the intervener in the name of Evelyn Irving executed at the time alleged in the pleadings of all the parties the mortgage in question and thereby secured a loan of $2,100 in cash from the bank, and that the alleged conversion of the properties specified in the mortgage and being in controversy in this suit was converted, if at all, by the trustee named in the mortgage by selling the property and applying the proceeds to the payment of the bank's debt, which at the time had not been paid. In behalf of the bank, there was also evidence introduced tending to show that the diamond rings, as alleged, were the separate property of Mrs. Irving, and had been pledged to the bank to secure an extension of the mortgage and for an additional loan made at the time, and the principal controversy on the trial relating to the issues presented in the pleadings were: (1) Whether at the time of the execution of the mortgage by Mrs. Evelyn Irving the property was the community property of herself and husband; (2) whether at the time she had been divorced from her husband, C. A. Irving; and (3) whether it was her separate property under a conveyance executed by C. A. Irving to her. It is to these questions that appellant's assignments of error relate.

While the evidence was conflicting, we think it unquestionably true that the findings of the jury are sufficiently supported. Indeed, appellant presents no assignment attacking the sufficiency of the evidence to support the findings. Appellant intervener presents objections to the charges submitted and to the action of the court in refusing certain charges relating to the questions above indicated, but their determination, we think, is wholly immaterial, in view of the specific findings, which are undoubtedly supported by the evidence, to the effect that at the time of Mrs. Irving's execution of the mortgage in question she represented that she had been divorced from her husband, that the property was her separate property, and that the bank made the loan and took the mortgage in good faith, believing such statements.

It is rare, we think, that a case is presented more clearly embodying every element of estoppel than this one. A case in point is that of Schwarz v. Bank, 67 Tex. 217, 2 S. W. 865. At the time of the execution of the deed in question in that case, which was on a city lot, Schwarz, the grantor, was a married man and the head of a family, and, with his children, resided on the lot as a homestead. The wife was then in Germany, not yet having come to this country. The conveyance was made to pay a pre-existing debt. When the deed was executed, the bank asked Schwarz if he had a wife, and Schwarz said he had not. In a suit brought by the bank against Schwarz to recover the lot, Schwarz was held estopped to say that he had a wife; and the bank recovered the lot. To the same effect is Baylor County v. Craig, 69 Tex. 330, 6 S. W. 305.

[1] It would certainly seem inequitable for Mrs. Irving to recover the value of the property mortgaged by her after the bank, as the jury found, had been induced to loan her a large sum of money on the faith of her representation that she was a divorced woman, that the property was her separate property, and that she had the right to so mortgage

it. No question is made as to the regularity of the bank's proceedings in the foreclosure of the mortgage, and we think the evidence and finding on the issue of estoppel, which was duly pleaded by the defendant bank, renders wholly immaterial errors, if any, of the trial court, in submitting the issues, or in refusing requested issues which relate alone to the questions of whether, at the time the mortgage was given, it was the community property of C. A. Irving and intervener, or Mrs. Irving's separate property.

[2] On the issue of whether the diamond rings had been pledged to the bank to secure the extension of the mortgage and for additional loans, or whether they had been merely deposited with the bank for safe-keeping, as intervener testified, the evidence was merely conflicting, and the jury's and court's finding on the issue must therefore be sustained.

We conclude that the judgment must be affirmed.

BUCK, J., not sitting.