**POWELL et al. v. FIRST NAT. BANK OF HARLINGEN.**

No. 9409.

Court of Civil Appeals of Texas. San Antonio.

Oct. 17, 1934.

Rehearing Denied Nov. 8, 1934.

Greenwood & Lewis, of Harlingen, for plaintiffs in error.

Osce Fristoe, of Harlingen, for defendant in error.

SMITH, Justice.

The appeal rests upon the contention of Mrs. Minnie E. Powell, a married woman, hereinafter designated as plaintiff in error, that her husband, Nathan Powell, had not the power and authority, under the circumstances of the case made, to bind her by a chattel mortgage given by him upon the 1932 citrus fruit crop and certain live stock upon a certain ten-acre tract of land in Hidalgo county, while the same were the separate property of Mrs. Powell.

It appears from the implied findings of the trial court, which are not assailed by assignment of error, that for several years prior to and during the year 1932, plaintiff in error's said husband exercised active and full possession and control over the premises in question, cultivating the land, harvesting and marketing the fruits thereof, collecting and applying the proceeds therefrom, and in all other respects exercising dominion thereover. And in exercising such powers and authority, he also repeatedly executed and discharged chattel mortgages upon the fruits and other personal property produced from or used in the operation of the enterprise, and applied the revenues therefrom. There is a further implied finding that plaintiff in error all the while knew and acquiesced in said acts of her husband and that the bank made the loan, and took the mortgage here involved, in reliance upon that acquiescence.

In pursuance of his customary course, plaintiff in error's husband, on November 15, 1932, executed and delivered to defendant in error bank a chattel mortgage upon the then maturing fruit crop on said land, as well as upon some of the live stock used in said operations, to secure his note in favor of the bank. Upon default the bank brought this action and procured judgment for the amount of said note and for foreclosure of said mortgage upon said separate property of Mrs. Powell, who has brought writ of error.

Under the provisions of an existing statute (article 4616, R. S. 1925), "neither the separate property of the wife, nor the rents from the wife's separate real estate * * * shall be subject to the payment of debts contracted by the husband."

But the husband may so bind his wife as her agent, or she may be so bound as an undisclosed principal. Gohlman v. Whittle, 114 Tex. 548, 273 S. W. 808.

So is the wife subject to the rules of estoppel, if the application thereof does not contravene the provisions of the statute, and even that exception does not apply in cases of equitable estoppel, to which she is subject,

regardless of the statute. 23 Tex. Jur., "Husband & Wife," §§ 271, 272.

The husband is not in law the agent of his wife, any more than a stranger would be, but she may authorize him, as she could a stranger, to act as her agent (Id., § 118) to manage, control, charge, or convey her separate personal property, and, as to personal property, the authorization need not be in writing (Id., § 119; Speer's Marital Rights in Texas, §§ 101, 102, 106), and, as to personal property, she may by ratification validate even unauthorized acts of her husband (Id., § 120; Speer, § 109).

So, applying these rules to the case stated, plaintiff in error's husband, in mortgaging the property mentioned, was acting well within the authority she had delegated to him to manage and control the premises in question, and plant, cultivate, harvest, market, and convey the crops thereon, and the personal property used in the enterprise, and she is estopped to repudiate the contract sued on. Gohlman v. Whittle, supra; First Nat. Bank v. Davis (Tex. Com. App.) 5 S.W.(2d) 753.

The judgment enforcing said mortgage is therefore affirmed.