**BARNES v. ARCHER et al.**

No. 9461.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 28, 1934.

Rehearing Denied Jan. 9, 1935.

Dilworth & Marshall, Fred Russi, and Leonard Brown, all of San Antonio, for appellant.

Nami & Vaughan, of San Antonio, for appellees.

SMITH, Justice.

Stated generally, the controlling question presented in this appeal is that of whether a married woman may be estopped by her own conduct which falls short of active fraud, even though such conduct amounts to legal fraud, whereby she misleads another to his injury.

Mattie Lou F. Archer, herein designated as appellee, is a married woman, or was so during the transactions here involved, and was so at the time of the trial of the case below. The record shows that she had not lived regularly, if at all, with her husband for some time. She has two suits for divorce pending against him, one in Bexar county, the other in San Patricio county, and his whereabouts were unknown to her at the time of this trial.

In this situation, appellee obtained judgment in a district court giving her the status of a feme sole, for trading purposes, as provided in familiar statutes. Article 4626, R. S. 1925.

In this situation, too, she purchased, with her separate funds, a building lot in the city of San Antonio, upon which she planned to build and operate an apartment house. She took conveyance of the lot in her own name, as a feme sole. She contracted with a builder to construct the apartment house for a stipulated sum of $8,850, and with appellant, T. E. Barnes, a lumber dealer, to furnish the labor and material and finance the operation.

Before obligating himself, however, appellant applied to a title guaranty company for a policy guaranteeing appellee's title to the lot, and upon the strength of the record, which included the deed to appellee as a feme sole, the policy was prepared. Thereupon, appellee, in order to procure advances from appellant, executed and delivered to him her promissory note for the agreed amount of $6,850, payable in ninety days, and her deed of trust and mechanic's and materialman's lien upon said lot to secure said note.

In all these instruments executed by appellee it was recited that she was a feme sole, and in that expressed capacity she acknowledged her execution of the instruments.

There is no contention by appellee that she was ignorant of, or did not fully understand, the legal effect or significance of those recitals. It is inferable, as well, that she was acting in the belief that she occupied the full status of a feme sole by virtue of the judgment of a district court giving her limited rights for trading purposes.

So is it conceded, however, that throughout the negotiations which resulted in her securing the loan upon the recitals that she was a feme sole, appellee withheld (and thereby concealed) from appellant the vital fact that she was a married woman, of which fact appellant had no knowledge, or notice.

To resume the statement of the case, upon delivery to him of the instruments mentioned as security, appellant proceeded to carry out his obligation, furnishing the materials, paying the labor, and otherwise financing the construction of the improvements upon appellee's lot. After the lapse of a few weeks, and in pursuance of a prior promise, appellant sought to aid appellee in refinancing the loan she had secured, in order to enlarge the repayment period to five years. In these efforts appellant learned, for the first time, that appellee was in fact not a feme sole, but a married woman, and appellee then declined to proceed, by securing her husband's joinder or otherwise effectually to give legal vitality to the security by which she had induced appellant to make said advances.

The apartment house had not been quite completed when appellee's disability was discovered by appellant, who thereupon for the time being refused appellee's demand for possession of the premises. A few weeks later appellee, joined by her husband, brought this action in the form of trespass to try title, and for $50,000 damages alleged to have been occasioned by appellant's detention of said premises for a period of two months. Appellant answered and by cross-action prayed for judgment upon the note and to foreclose the liens given him as security. After trial by jury the court below rendered judgment in favor of the Archers for title and possession of the property, and for damages in the sum of $5,000, which amount was allowed as an offset against a judgment there rendered in favor of Barnes for the amount of the note in question, less certain credits. The court denied Barnes' action for foreclosure, and he has appealed.

Summarizing, these uncontroverted, ultimate facts appear from the record at large:

1. That the property involved is the separate property of appellee.

2. That appellee is a married woman, but that by her silence when she should have spoken she concealed that fact from appellant, who had no knowledge or notice of it.

3. That by her conduct—in taking and recording the conveyance of the property involved in her own name as a feme sole, in falsely reciting in her deed of trust and mechanic's lien that she was a feme sole, and acknowledging the same in that false capacity, and in concealing her marital status from appellant—appellee intentionally led appellant to believe that she was in fact a feme sole and had the sole power and right to effectually convey title to said property as security for the loan.

4. That appellant, being so misled, and relying upon the false recitals by deed, was thereby induced to make the loan.

5. That appellee was guilty of no affirmative, intentional fraud whereby she misled appellant into the belief that she was in fact a feme sole and induced him to make the loan and accept the note and lien as security therefor.

We are of the opinion that the facts stated present a case of legal fraud, as distinguished from one of affirmative, intentional fraud, which brings us to the controlling question of whether appellee, a married woman, may be estopped by the one, as she concededly would be by the other.

It is clear that by concealment of her true status, and by the series of documentary recitals, appellee led appellant to believe, and to rely and act upon that belief, that she was not a married woman, but a feme sole, and that by that course of conduct she induced appellant to accept the security executed by her in the spurious capacity and to advance her the loan so secured. The question of law is thus narrowed to the inquiry: Is appellee now estopped to deny that she was a feme sole, and assert that she was a married woman, and thus avoid liability for the benefits she obtained through her legal fraud? We have reached the firm conclusion that she is so estopped, and that the law will not aid her to reap the fruits of that fraud.

It is now well settled in this state that a married woman is subject to the rules of estoppel by fraud, upon the principle, as so well stated by Judge Speer in his excellent work upon the Law of Marital Rights in Texas, "that if she is guilty of any positive act of fraud, or of an act of concealment or suppression which in law would be equivalent thereto, which act, representation, or conceal-

ment was intended to cause another to alter his position or condition, and her act has such effect, she is bound thereby, whether her act or representation be in keeping with truth or contrary thereto." Speer's Marital Rights, § 240; 23 Tex. Jur. p. 311 et seq., § 272 et seq.; Ryan v. Maxey, 43 Tex. 192; Nathan Powell v. First Nat. Bank of Harlingen (Tex. Civ. App.) 75 S.W.(2d) 471.

■ So is it well settled that to constitute such fraud as will work estoppel against a married woman, her affirmative acts need not be shown to have been done with the intent to defraud, but it is sufficient to show that such acts were intentionally, even if innocently or mistakenly, done, and resulted in misleading another to his injury. Speer's Marital Rights, § 240; 23 Tex. Jur. p. 311, § 273; Guaranty Bond State Bank v. Kelley (Tex. Com. App.) 13 S.W.(2d) 69, 71; First Texas Joint Stock Land Bank v. Chapman (Tex. Civ. App. writ dis.) 48 S.W.(2d) 651; Wilson v. Beck (Tex. Civ. App. writ ref.) 286 S. W. 315. In Guaranty Bond State Bank v. Kelley, supra, it was said, by Judge Speer for the Commission of Appeals, that: "It was suggested in the arguments that Mrs. Kelley could not be estopped by anything short of an actual fraud affirmatively committed by her, and it is argued that the fraud of the husband, who consummated the deal with the bank, could not be imputed to her. The principles thus contended for are sound; but that fraud which will estop a married woman is not necessarily intentional fraud, but rather any intentional affirmative act of hers which operates as a legal fraud, whether so intended or not, will estop her. Here Mrs. Kelley contributed in an active, affirmative way, to the perpetration of a legal fraud. Her intentions may have been, and no doubt were, perfectly harmless and with no actual purpose to wrong any one. But in law her conduct amounted to an affirmative representation that she and her husband had, in good faith, conveyed the homestead and reserved the lien thus assigned to the bank. To permit her now to plead the invalidity of the transaction would be to permit a legal fraud."

■ It is equally well settled that the act of a married woman in fraudulently or mistakenly representing, by false recitals in her conveyance of real property, that she is a feme sole, constitutes a legal fraud, and that in an action to enforce such conveyance she will be estopped to deny the truth of such recitals. Speer's Marital Rights, § 245; Keller v. Lindow (Tex. Civ. App. writ ref.) 133 S. W. 304; Jones' Estate v. Neal, 44 Tex.

Civ. App. 412, 98 S. W. 417 (writ ref.); Dallas B. & L. Ass'n v. Patterson (Tex. Civ. App. writ ref.) 48 S.W.(2d) 657; Wilson v. Beck, supra. We quote again from Judge Speer's book: "Married women are no more privileged to practice fraud or deception on another than are men, and their declarations and admissions when they are intended to, and do, have that effect, preclude them, whether true or false. Mr. Bigelow says that an action at law cannot be maintained on a contract made with a married woman who falsely represents herself to be sole at the time, the representation in such case not operating as an estoppel. But if that doctrine be sound at common law it can hardly be so held with us. It is difficult to conceive of the courts permitting such fraud. The legal principle of the estoppel in such a case is not that it holds as valid the contract, conveyance, or other act of the wife, but that she will not, because of fraud, be permitted to assert its invalidity. Precisely as she may preclude herself from asserting homestead rights against certain innocent mortgagees; not that the mortgage upon the homestead is valid, but that she shall not deny it, when in doing so she is guilty of gross fraud toward one who is in no way blamable. Indeed, our courts have now held, following the text of the former edition, that such representation by a married woman will operate as a fraud, estopping her to plead her coverture as a defense." Section 245.

■■ The case made here is brought clearly within the rule. It is true that the jury found that there was no estoppel. But, because the facts of the representations, their falsity, and the reliance and action thereon by appellant, are undisputed, the question was purely one of law, to be determined by the court, not by a jury, whose findings thereon are of no moment here. The record presents an ideal case of legal fraud, and the courts will not permit the guilty party, whether she be a married woman or not, and whether the fraud was committed innocently or mistakenly or fraudulently, to profit by it at the expense of the innocent victim. We, therefore, sustain appellant's first, second, fifth, and sixth propositions.

■ The jury found that appellee had been damaged in the sum of $5,000 for the wrongful detention of the property involved. Appellant objects to the finding and to the form of the submission of that issue to the jury. Without entering into any discussion of the question raised in these objections, we sustain them, for the reasons propounded in ap-

pellant's tenth and eleventh propositions. We also sustain appellant's propositions 8 and 9, for the reasons therein given. In those propositions appellant complains of the submission of, and the jury's finding upon, the issue of the reasonable value of the labor and material furnished appellee in the improvement of her premises. The amounts and reasonableness of those expenditures were proven by appellee's own witnesses, without dispute, and the matter thereby became one of law, and not of fact.

The judgment is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.