## HALE et al. v. REALTY ACCEPTANCE CORPORATION.

### No. 4969.

Court of Civil Appeals of Texas. Amarillo.

Dec. 5, 1938.

H. L. Faulk, of Brownsville, for plaintiffs in error.

Brown & Criss, of Harlingen, for defendant in error.

STOKES, Justice.

This is a suit upon a promissory note in the sum of $280.80, executed by plaintiff in error, Myrtle J. Hale, who is the wife of plaintiff in error, D. J. Hale, and to foreclose a chattel mortgage lien upon a water softening equipment, purchased by her from Brown Brothers, Ltd., a domestic corporation. Plaintiff in error, D. J. Hale, did not sign either the note or chattel mortgage. The note was payable in monthly installments of $7.80 each, the first installment falling due September 20, 1936. They were dated August 3, 1936, and assigned to defendant in error, Realty Acceptance Corporation, by the payee on August 21, 1936, which was prior to the maturity of any of the monthly installments.

The record shows that Myrtle J. Hale was operating a beauty parlor in the town of Weslaco and the water softening equipment was installed in her place of business. Contemporaneously with the order for the equipment, plaintiff in error, Mrs. Hale, signed and delivered to the agent of Brown Brothers, Ltd., a credit statement in which it was stated that the amount of credit required by her was $262.50. In response to a question included in the statement concerning her social status, the word "widow" was inserted and the statement recited: "I authorize you, or any financial institution to which you may desire to offer our note for sale, to obtain such information as you (they) may re-quire concerning the above statement and agree that it shall remain your (their) property, whether or not my (our) note is finally accepted by you." When the note and mortgage were assigned and delivered to defendant in error by Brown Brothers, Ltd., they also delivered to it the credit statement above mentioned.

The case was submitted to the court without the intervention of a jury and judgment was rendered against Mrs. Hale for the total sum of $361.41, which included the principal and interest due on the note, plus attorneys' fees, and the chattel mortgage lien was foreclosed. No personal judgment was rendered against the husband.

In defense of the suit against her, Mrs. Hale pleaded her coverture and consequent incapacity to execute as a binding contract the note and chattel mortgage sued upon.

In reply to the plea of coverture, defendant in error pleaded the terms of the credit statement hereinbefore mentioned, setting up estoppel by reason of the execution of the credit statement by Mrs. Hale; that it was an innocent purchaser of the note and mortgage, having purchased the same in due course without notice of any infirmities and paid a valuable consideration therefor.

The trial court filed findings of fact and conclusions of law which are not challenged by plaintiffs in error and the record discloses no request for additional findings. The court found that Mrs. Hale executed the credit statement and delivered the same to the agent of Brown Brothers, Ltd. for the purpose of procuring credit on the property involved in controversy and that, at the time the credit statement was executed, all of the matters contained therein had been inserted in it, among which was the statement that Mrs. Hale was a widow. He further found that Mrs. Hale executed the note and mortgage in suit; that the note, chattel mortgage and credit statement were presented to defendant in error by Brown Brothers, Ltd.; that defendant in error, in reliance upon the credit statement, purchased the note and mortgage without any knowledge to the contrary, and paid a valuable consideration therefor. He found that the representations as contained in the credit statement were relied upon by defendant in error in purchasing the note and chattel mortgage and that it would not have purchased the same but

for such representations. The court further found that the water softening equipment would not operate as represented by Brown Brothers, Ltd. and its agent, whereupon Mrs. Hale refused to make further payment on the note and tendered the equipment back to Brown Brothers, Ltd.; that at the time of the institution of this suit, the equipment was of no value to Mrs. Hale, but did have a market value not exceeding $250. He further found that at the time she executed the note and mortgage, Mrs. Hale was a married woman, the wife of plaintiff in error, D. J. Hale.

Based upon the foregoing findings of fact, the court concluded as a matter of law that plaintiff in error, Myrtle J. Hale, was estopped to deny the fact that she was a widow when the credit statement, note and mortgage were executed, and that she could not, therefore, avoid personal liability on the note.

The case is presented in this court upon three propositions of law which, in various ways, present the contention that Mrs. Hale, under the circumstances of the case, and being, as a matter of fact, under the disabilities of coverture, was not, under the law, estopped to plead coverture.

The record shows that E. R. Bradfield was the agent of Brown Brothers, Ltd., and his negotiations with Mrs. Hale for the sale to her of the water softening equipment extended over a period of some two weeks or more, during which time he became acquainted with her social status and learned she was a married woman. It is further shown that, when the statement was prepared, Bradfield was in Mrs. Hale's place of business and that she was busily engaged with a customer. Notwithstanding she was so engaged, Bradfield propounded a number of questions to her and wrote her answers upon the statement. Mrs. Hale testified positively that she was not asked by Bradfield if she were a married woman and that she did not authorize him to insert the answer to the question concerning her social status to the effect that she was a widow. She said she signed the statement at his request, without reading it, and did not know it contained a representation that she was not a married woman.

At common law, a married woman's contract was void. She was not subject to the rules governing estoppel in ordinary cases but, as stated by Judge Speer, in his valuable treatise on the Law of Marital Rights in Texas, 3rd Ed., par. 271: "A recognition of her separate identity as an individual capable of contracting, suing and being sued, has necessitated a further recognition of her power to bind herself by her acts and conduct in numerous instances."

It is held by our courts that persons dealing with married women in ordinary circumstances and with negotiable paper executed by them, must take notice of the coverture and the existence or want of existence of circumstances and facts that would authorize them to execute contracts or bind themselves by written instruments. Johnson et al. v. Scott, Tex.Civ.App., 208 S.W. 671.

In view of the rule thus announced, it follows that even a bona fide purchaser of her negotiable note is in no better position than the payee. Haas et al. v. American Nat. Bank, 42 Tex.Civ.App. 167, 94 S.W. 439.

■ As a consequence of this trend of construction adopted by our courts, it follows that the only defense to a plea of coverture is an allegation of capacity of a married woman to bind herself by the instrument involved, or estoppel. We are thus brought to the controlling question in the instant case. Estoppel in pais consists of five elements, (1) a false representation or concealment of a material fact, (2) the representation must be made with knowledge of the facts, (3) the person to whom it is made must have been ignorant of the truth concerning the matter, (4) it must have been made with the intention that the innocent party should act upon it, (5) he must have been induced by the false representation to act upon it. Where these elements exist, the defrauded party is entitled to protection under the doctrine of estoppel. Schwarz v. National Bank, 67 Tex. 217, 2 S.W. 865; Moerlein et ux. v. Scottish Mortgage & Land Inv. Co., 9 Tex.Civ.App. 415, 29 S.W. 162, on motion for rehearing, 9 Tex.Civ.App. 423, 29 S.W. 948; Barnes v. Archer, Tex.Civ.App., 77 S.W.2d 883; Adler v. Ft. Worth State Bank, Tex.Civ.App., 297 S.W. 277; Powell et al. v. First Nat. Bank, Tex.Civ.App., 75 S.W.2d 471.

■ Plaintiffs in error do not challenge the essence of the doctrine of estoppel as thus expressed and announced by the cited authorities, but they contend that es-

toppel in the ordinary sense does not apply in this case because it was shown that Mrs. Hale did not know Bradfield had inserted in the credit statement the representation that she was a widow and, therefore, the second element of estoppel above mentioned is absent, viz., that the representation, if made, was made without her knowledge of the facts. The record shows and the court found that Mrs. Hale voluntarily signed the credit statement. If she did not read it, it was her own fault. She was not prevented from doing so, nor is it shown that, after it was written, she exhibited any desire to acquaint herself with its contents. The fact that she did not read the instrument and did not know its contents did not relieve her from the consequences of estoppel, defendant in error having acted upon the information which was revealed by it. This identical question was disposed of and the law relative thereto ably expressed by the Court of Civil Appeals upon the motion for rehearing in the case of Moerlein v. Scottish Mortgage & Land Inv. Co., supra. It was contended in that case that Mrs. Moerlein did not know the contents of a deed of trust executed by her in which her homestead rights were disclaimed and, therefore, the element of estoppel to the effect that the representation or conduct deceiving another to his injury must be known and intended to mislead and deceive, was absent. In disposing of the contention that, as a consequence of the absence of that element of estoppel, she was not amenable to its consequences, the court held, in effect, that if Mrs. Moerlein did not read the instrument it was her fault. She was not prevented from doing so and, under these circumstances, the statements had the same effect in deceiving the innocent parties and inducing them to loan the money as if she had read and understood them. Such being the case, it was held that she could not be heard to say she did not know what she was doing and that she was culpably negligent in not informing herself of the contents of the instrument she was signing.

To the same effect are the cases of Equitable Mortgage Co. v. Norton, 71 Tex. 683, 10 S.W. 301, and Bender v. Brooks, 61 Tex.Civ.App. 464, 130 S.W. 653. Many other cases could be cited in which the same doctrine is announced and the question has been so thoroughly resolved against the contentions of plaintiffs in error that further discussion of it would seem unnecessary.

Plaintiffs in error further contend that the credit statement was made to Brown Brothers, Ltd. and for their benefit alone. It is asserted, therefore, that defendant in error, not being the person to whom nor for whose benefit the statement was made, will not be protected against a plea of coverture by asserting it was an innocent purchaser for value of the note sued upon.

The credit statement which was signed by Mrs. Hale specifically gave to Brown Brothers, Ltd., "or any financial institution to which you may desire to offer our note for sale" authority to obtain such information as they may require concerning the statement. This recitation being contained in it, the statement itself refutes this contention of plaintiffs in error and reveals plainly that it was contemplated by Mrs. Hale at the time she executed it that Brown Brothers, Ltd., would negotiate the note and the person to whom they may assign it would be governed by the representations contained in it. Plaintiffs in error cite us to the case of McLaren et al. v. Jones et al., 89 Tex. 131, 33 S.W. 849, in which the Supreme Court held that a letter written by Mrs. McLaren, addressed to a third person, did not appear to have been written with a view to its communication to the purchasers. It is observed in that case, however, that a marked difference exists where the representation is intended to be communicated to those who may deal with the securities involved.

We do not agree with plaintiffs in error in this contention and their assignments of error and propositions pertaining thereto are overruled.

Our consideration of the contentions of plaintiffs in error have brought us inevitably to the conclusion that, by signing and delivering to the agent of Brown Brothers, Ltd., the credit statement which included a representation that she was a widow, under circumstances in which, under the law, she must be held to have known and intended it should be utilized by them in negotiating with others for the sale and assignment of the note and mortgage, and their having, under such circumstances and by the aid of the credit statement, negotiated and, for a valuable consideration, assigned the note to defendant in error who purchased it without notice of the falsity of the representation and

upon faith and credit in its genuineness and truthfulness, under the sound and wholesome rules of equitable estoppel, she will not be permitted to avoid liability upon the note.

It follows from what we have said that, in our opinion, none of the assignments or propositions of plaintiffs in error present error of the trial court in its disposition of the case. Such being our opinion, they are overruled and the judgment of the trial court is in all respects affirmed.