Loyd **ELLIS** et ux., Appellants,

v.

N. F. **CLEAVINGER,** Appellee.

No. 6640.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 21, 1957.

E. T. Miller and Lumpkin & Watson, Amarillo, for appellants.

Russel A. Moran, Dimmitt, and Cowsert & Bybee, Hereford, for appellee.

CHAPMAN, Justice.

This is an action in trespass to try title filed in the District Court of Castro County, Texas, on January 7, 1956, by N. F. Cleavinger, appellee herein, against Loyd Ellis, appellant, to recover possession of Section No. 28 in Block H in said county. This cause was consolidated in the District Court with another action involving the same parties and tried before a jury. The court's disposition of the other part of the case is immaterial to this appeal.

In the cause involving the possession of the land the court below submitted to the jury the following special issue:

"Special Issue No. 1

Do you find from a preponderance of the evidence that, at any time dur-

ing the year 1955, N. F. Cleavinger agreed to rent the section of land in question to Loyd Ellis for the year 1956 on the same terms and conditions as for the two previous years? You will answer 'Yes' or 'No'."

To this issue the jury answered "No."

Two requested special issues designated "a" and "b" were timely presented by appellant to the judge of the court below with a request that they be submitted to the jury. These two issues are as follows:

"a. Do you find from a preponderance of the evidence that during the fall of 1955 the defendant performed substantial farming operations on the land in question in preparation for his renting said land for the year 1956?

"Answer Yes or No.

"Answer:

"If you have answered the preceding question "yes," then answer the following question:

"b. Do you find from a preponderance of the evidence that plaintiff, by words or conduct, agreed or consented to such substantial farming operations with knowledge that it was in preparation for the defendant's tenancy during 1956?

"Answer Yes or No.

"Answer:"

The court refused to submit said two special issues to the jury and the only point of error raised by appellant on this appeal is that the court was in error in refusing to do so.

The record shows that during the years 1954 and 1955 appellants were tenants of appellee, on the section of land above described, under an oral contract. Appellant testified that appellee rented the section of land to him in 1955 for the year 1956 and that he did so on two occasions, one in March 1955 and one in September 1955. He also testified that he rented it to him under the same conditions that he had been farming it the two previous years. He offered the corroborative witness, M. L. Howard, who testified appellee told him he had rented it to Ellis for 1956. This issue was hotly contested throughout the evidence, Cleavinger testifying he never at any time rented to Ellis for 1956.

Appellant pleaded that he expended large sums of money in preparation for the 1956 crop and that appellee stood by and saw the appellant so prepare the land, knowing the purpose of the preparation. From these facts appellant urged, as a defense to appellee's petition for possession, the doctrine of equitable estoppel, sometimes called estoppel in pais.

. Appellant contends the two special issues, "a" and "b" above, should have been submitted to the jury and that a favorable finding by the jury would have entitled him to retain possession of the land in controversy for 1956 under the doctrine of estoppel in pais.

In the case of Hale v. Realty Acceptance Corporation, Tex.Civ.App., 122 S.W.2d 334, 336, this court in an opinion by Mr. Justice Stokes, held that estoppel in pais consists of five elements:

"(1) a false representation or concealment of a material fact, (2) the representation must be made with knowledge of the facts, (3) the person to whom it is made must have been ignorant of the truth concerning the matter, (4) it must have been made with the intention that the innocent party should act upon it, (5) he must have been induced by the false representation to act upon it."

The case of Noxon v. Cockburn, Tex.Civ. App., 147 S.W.2d 872 is to the same effect and cites and quotes from the early Supreme Court case of Bynum v. Preston, 69 Tex. 287, 6 S.W. 428.

Appellant admitted that as early as October 1955 he got the idea that appellee was unhappy with him and wanted the place for the next year. He also admitted that of the 400 acres of stalks he cut in preparation for the 1956 crop only 30 or 40 acres were cut in 1955, and that the others were cut after appellant told him on December 28, 1955, he wanted possession.

 The party alleging estoppel has the burden of proving the facts which give rise to estoppel or responsibility on the part of his opponent. Calloway v. Bookout, Tex. Civ.App., 37 S.W.2d 243; Ford Motor Co. v. Maddox Motor Co., Tex.Civ.App., 3 S.W.2d 911; Chapman v. Clark, Tex.Civ. App., 262 S.W. 161; Southern Pine Lumber Co. v. Arnold, Tex.Civ.App., 139 S.W. 917.

Under the facts of this case, it is the opinion of this court that the testimony offered by appellant did not show he made substantial preparation for the 1956 crop while ignorant of the fact that appellee was not going to rent him the place for 1956. Therefore, with at least one essential condition of estoppel in pais being absent, appellant cannot invoke this doctrine to hold possession. Holland v. Blanchard, Tex.Civ.App., 262 S.W. 97.

Throughout the trial of the case in the District Court, appellant contended he prepared the land in controversy for 1956 because appellee had rented the same to him for another year. One of the very issues he urged the trial court should have submitted, to wit: issue "a" above, is based on the predicate that the land would be rented to him for 1956.

In view of the finding of the jury to the effect that the land was not rented to appellant for 1956, issue "a" became immaterial. Since issue "b" above is predicated on issue "a", an immaterial issue, then issue "b" becomes immaterial itself.

It follows from what we have said that the court below did not commit error in refusing to submit special issues "a" and "b" above. The trial court's judgment is affirmed.