Bennie SMITH et ux., Appellants,

v.

Elmo C. TENNISON, Appellee.

No. 3503.

Court of Civil Appeals of Texas.

Waco.

Nov. 7, 1957.

Rehearing Denied Nov. 27, 1957.

Dick Young, Houston, for appellants.

M. S. Morgan and L. D. Harris, Houston, for appellee.

HALE, Justice.

Appellants, Bennie Smith and Alberta Smith, also known as Alberta Bennett, brought this action against appellee to cancel two Mechanic's and Materialman's Lien Contracts covering a house and lot in the City of Houston. One of the contracts was dated March 17, 1953 and was given to secure the payment of $856.80 payable in monthly installments of $23.80 per month. The other contract was dated March 26, 1953, and was given to secure the payment of $489.60, payable in monthly installments of $13.60 per month. Both contracts and the indebtedness which each was given to secure, related to the cost of improvements to be erected upon the house located upon the lot in controversy. Appellants grounded their cause of action upon allegations that Alberta Smith, also known as Alberta Bennett, did not sign either of the contracts relied upon by appellee and, in the alternative, if she did sign the contracts she was under the disabilities of coverture at the time they were signed, and since her husband did not join her in the execution of either of the contracts, they were both invalid. Appellee answered with a general denial and an extensive plea of estoppel.

The case was tried before a jury. Upon the conclusion of the evidence, appellants moved for a peremptory instruction, which was overruled. The court then submitted two special issues to the jury in response to which the jury found in effect that Alberta Bennett signed both of the Mechanic's and Materialman's Lien Contracts and notes relied upon by appellee. Thereupon the court entered judgment that appellants take nothing, and hence this appeal.

As we understand the brief of appellants, they contend that the judgment appealed from should be reversed and judgment should be here rendered for them because the competent evidence adduced upon the trial showed conclusively, as a matter of law, that they were and are entitled to the relief sought by them. We cannot agree with these contentions because we think the evidence was sufficient to show that Alberta Smith, also known as Alberta Bennett, duly executed and acknowledged both contracts as the wife of Will Bennett, and that appellants are estopped from asserting the invalidity of the contracts in controversy.

Each of the contracts bore the name of Alberta Bennett and Will Bennett as signatory parties thereto, the name of each purporting to have been attested by an "X" thereto, attached by each party. Alberta Bennett testified that she could not read or write, and she expressly denied that she had authorized any other person to sign her name to either of the contracts, and she expressly denied that she placed an "X" mark by her name as it appeared on the contracts. On the other hand, other witnesses who were introduced by appellee, testified that Alberta Bennett and Will Bennett each signed both of the contracts by placing an "X" opposite their respective names, and the jury believed their testimony and found against the testimony of Alberta. Furthermore, each contract bore the separate acknowledgment of Alberta Bennett, reciting that she was the wife of Will Bennett, that the instrument had been fully explained to her privily and apart from her husband, that she had willingly signed the same and did not wish to retract it.

Alberta Bennett or Alberta Smith, testified that she was married to Bennie Smith at the time when she and Will Bennett acquired the property in suit, and that she had never been married to Will Bennett, although she had lived in the same house with him as an employed housekeeper at all times after they had acquired the property where they lived. It was and is her contention that since she was the wife of Bennie Smith at the time when she acquired an undivided one-half interest in the

subject property, and since Bennie Smith did not join her in the execution of the Mechanic's and Materialman's Lien Contracts, if she signed and acknowledged the same, then the signing and acknowledgment of such contracts on her part was void and invalid. But such contention does not take into consideration the equitable doctrine of estoppel in pais, which was fully raised by appellee's pleadings and was established by the evidence and findings of the jury.

In the case of Hale v. Realty Acceptance Corp., Tex.Civ.App., 122 S.W.2d 334, 336, the court said:

"Estoppel in pais consists of five elements, (1) a false representation or concealment of a material fact, (2) the representation must be made with knowledge of the facts, (3) the person to whom it is made must have been ignorant of the truth concerning the matter, (4) it must have been made with the intention that the innocent party should act upon it, (5) he must have been induced by the false representation to act upon it. Where these elements exist, the defrauded·party is entitled to protection under the doctrine of estoppel. Schwarz v. National Bank, 67 Tex. 217, 2 S.W. 865; Moerlein v. Scottish Mortgage & Land Inv. Co., 9 Tex.Civ.App. 415, 29 S.W. 162, on motion for rehearing, 9 Tex.Civ. App. 423, 29 S.W. 948; Barnes v. Archer, Tex.Civ.App., 77 S.W.2d 883; Adler v. Fort Worth State Bank, Tex. Civ.App., 297 S.W. 277; Powell v. First Nat. Bank, Tex.Civ.App., 75 S.W. 2d 471."

See also Ellis v. Cleavinger, Tex.Civ.App., 298 S.W.2d 193.

If Alberta Smith or Alberta Bennett signed the Mechanic's and Materialman's Lien Contracts, as found by the jury, and if at that time she was the wife of Bennie Smith and not the wife of Will Bennett, as recited in the acknowledgment to each of such contracts before a Notary Public,

then it conclusively appears from the evidence, we think, that the other elements constituting estoppel in pais were conclusively shown.

There was no satisfactory evidence as to why the legal title to the house and lot in controversy was placed in the name of Will Bennett and Alberta Bennett at the time when the same was acquired and not in the name of Will Bennett and Alberta Smith. Neither was there any satisfactory evidence as to why Alberta Bennett had participated in the payment of the monthly installments due on the indebtedness evidenced by the Mechanic's and Materialman's Lien Contracts if she had not obligated herself to do so. Under the pleadings, evidence and findings of the jury, we think appellee should be protected against the fraud attempted to be perpetrated against him herein.

Accordingly, each of appellants' points is overruled and the judgment appealed from is affirmed.