**J. MARGULES, d/b/a Southwest Brokerage Company and F. L. Roderick, Appellants,**

**v.**

**Clarence B. CRIM and Brad V. Dowdy, d/b/a C. B. Crim Produce Company, Appellees.**

**No. 6939.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 9, 1959.

Rehearing Denied Dec. 21, 1959.

Clair F. Achenbach, Dallas, for appellants.

Frank H. Cathey, Jr., Dallas, for appellees.

DENTON, Chief Justice.

This is a suit by appellants, plaintiffs below, to recover upon a sworn account for produce alleged to have been sold and delivered to appellees, defendants below. It is undisputed that the amount of produce delivered to the C. B. Crim Produce Company was $2,087.58 and that the account has not been paid. The case was tried to a jury.

The evidence showed Mr. Crim had been in the produce business in Dallas some 20 years and operated under the firm name of Crim Produce Company. Brad V. Dowdy was a stepson of Crim and had worked for the Crim Produce Company from time to time. It was further shown that on occasions when Mr. and Mrs. Crim would take vacations they left Dowdy in charge of the business. When this was done, Mr. Crim would notify his various suppliers and authorize them to make sales to Dowdy

and that he, Crim, would be responsible for the payment of the produce. The appellants had sold produce to the Crim Company for several years. It is undisputed that Crim had established a good credit rating with appellants and other produce brokers.

Appellees alleged by sworn pleadings and offered testimony to the effect that in August, 1956, Crim sold the business to Dowdy, and that the account sued for accrued in November and December of 1956 and January, 1957, and that, therefore, Crim was not liable for the indebtedness. The appellants contend they did not know of the sale of the business, and that they would not have extended credit to Dowdy, and that there was no apparent change in the operation of the business in any way.

Dowdy appeared as a witness in the trial, but filed no answer and a default judgment for the amount prayed for was entered against him.

In response to special issues submitted, the jury found (1) that appellants sold and delivered to the Crim Produce Company the items of produce set forth in the petition; (2) that appellants had not been paid; (4) that on the dates the produce was delivered, appellee Crim was not the owner of the produce company; (5) that appellants did not have notice that C. B. Crim had retired from the produce company; (6) that the appellants made proper demands for payment of the produce; and (7) that $600 was a reasonable attorney's fee to prosecute the suit. There apparently was no special issue No. 3 submitted.

Appellants timely requested certain special issues attempting to submit the issue of equitable estoppel to the jury. The trial court refused to submit the special issues and appellants excepted to the court's action. Appellants base their issue of equitable estoppel or estoppel in pais on the fact that C. B. Crim had a United States Department of Agriculture license to sell fresh produce; that this license was necessary to engage in such business, and that ap-

pellants knew of such license and relied on it to extend credit to the Crim Produce Company; that, because of the fact such license was never transferred to Dowdy, appellants contend appellee Crim is estopped to deny his liability for the debt.

Appellee Crim filed a motion for judgment non obstante veredicto, asking that the court disregard the jury findings on Special Issues Nos. 5, 6 and 7 and to grant a judgment for appellee based on the jury finding on Special Issue No. 4. The trial court sustained this motion and entered a judgment that appellants take nothing of and from C. B. Crim. The appellants duly gave notice of appeal to the Court of Civil Appeals at Dallas, Texas, and the Supreme Court has transferred the case to this court for determination.

■ In the case of Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 932, the Supreme Court cites with approval the following statement in 31 C.J.S. Estoppel §. 67, page 254:

"In order to constitute an equitable estoppel or estoppel in pais there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice."

See also 17 Tex.Jur. Sec. 3, page 130, and The Praetorians v. Strickland, Tex.Com. App., 66 S.W.2d 686.

■ From the appellants' pleadings, it is clear that they are relying solely on the fact that Crim retained the Department of Agriculture license in his name, thereby deceiving appellants into believing that Crim was still in control and operation of the business. Crim strongly denied this, and

asserted that he actually informed Mr. Roderick, an agent of the appellant brokerage company, that the business had been transferred to Dowdy, and that he would not be responsible for any of the bills of the produce company.

In order to apply the recognized elements of equitable estoppel as set out above, we will look to the three points of error brought forward by the appellants.

Appellants' first point of error complains of the trial court's refusal to submit their requested special issues of estoppel. It is clear that appellants' pleadings and proof do not comply with the essential elements of equitable estoppel as set out in the Gulbenkian case and others cited. In the first instance, the fact that the Agricultural Department license was not placed in the name of Dowdy cannot be said to be a representation made to appellants. We find no evidence to sustain any of the other essential elements of estoppel. Newton v. Town of Highland Park, Tex.Civ.App., 282 S.W. 2d 266; Ellis v. Cleavinger, Tex.Civ.App., 298 S.W.2d 193; Thompson v. Williams, Tex.Civ.App., 249 S.W.2d 238; Holland v. Blanchard, Tex.Civ.App., 262 S.W. 97. Appellants' first point of error is therefore overruled.

 Appellants' second point of error complains of the trial court disregarding the jury's finding of Special Issue No. 5 to the effect that the appellants did not have notice that Crim had retired from the produce business. There is substantial evidence in the record that Crim did cease doing business in August of 1956, and at the same time he filed a withdrawal certificate in the county clerk's office of Dallas County, and that Dowdy filed his certificate of doing business under the assumed name. These two certificates were in compliance with Articles 5924 and 5925, R.C.S., and they constitute notice of the changes in the operation of the business. In the light of all the evidence presented on this issue, we hold that Special Issue No. 5 was not an ultimate issue, and that the evidence is so clear and convincing that reasonable minds could not differ as to the conclusion to be drawn from the evidence. It follows that we do not think the trial court erred in disregarding the jury's answer to that issue.

In appellants' third point of error, they contend the trial court erred in not taking judicial notice of the provisions of the Perishable Agricultural Commodities Act in Title 7, Chap. 20A, Sec. 499a et seq., U.S.C.A. Although appellants plead this Act, it was never properly proven up and it was not admitted into evidence. It is our opinion that appellants did not sustain the burden of properly proving up this Act, and in showing that the Act was applicable to the case at hand. We therefore overrule appellants' third point of error.

The judgment of the trial court is affirmed.