**W. A. QUERNER, Appellant,**

v.

**Richard GEORGE, Appellee.**

No. 13636.

Court of Civil Appeals of Texas.

San Antonio.

June 1, 1960.

Rehearing Denied June 29, 1960.

W. Pat Camp, Wm. C. Church, Jr., San Antonio, for appellant.

Oliver & Oliver, Ralph E. Cadwallader, San Antonio, for appellee.

POPE, Justice.

Richard George sued W. A. Querner on sworn account and recovered judgment for $15,349.29. Querner answered by a sworn denial and a plea of payment. The case was tried to a jury, but the trial court submitted no issues on George's sworn account. The court submitted one issue on Querner's defensive plea of payment. Querner urges (1) that the court erred in failing to submit issues on plaintiff's action on sworn account, and (2) that the defensive issue placed too great a burden upon him. We overrule both contentions.

Querner authorized George to make repairs to several of his trucks at plaintiff's shop in California. Querner had insurance covering the cost of the repairs. After the repairs were completed, Querner paid $500 on each vehicle, the deductible amount, and George then billed and called upon Querner's insurer to pay the balance, but the insurer went into the hands of a receiver. Querner urges that he paid the balance of the repair bill by transferring and assigning to George his claim against his insurer, and that George accepted it in full payment of the account.

■ .The trial court considered George's action fully proved and did not submit any issues to the jury on the sworn account. The objection to this procedure is that the proof came from George himself and Harold Booher, one of his former employees, and that they were both interested witnesses. Booher formerly worked for George as his shop foreman. There is no contention that these two witnesses failed to prove each element of the action. The complaint is that because they were interested witnesses, the jury should have been permitted to pass on their credibility. We have examined the statement of facts, and

find that the testimony of both plaintiff, George, and his former employee, Booher, is clear, direct, positive, free from contradictions, inconsistencies and circumstances tending to cast suspicion upon the testimony. On cross-examination, their testimony remained unshaken and firm. There was no evidence offered to rebut or weaken plaintiff's evidence. This, therefore, is one of those instances when the testimony even of an interested witness may be given conclusive effect. Here, however, the evidence is strengthened by the testimony of Booher, whom we do not regard as an interested witness. The trial court properly gave controlling effect to this undisputed evidence. McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722; American Surety Co. v. Whitehead, Tex.Com.App., 45 S.W.2d 958; Trinity Gravel Co. v. Cranke, Tex Com. App., 282 S.W. 798; Barnes v. Archer, Tex.Civ.App., 77 S.W.2d 883; Golden v. First State Bank of Bomarton, Tex.Civ. App., 38 S.W.2d 628.

The other point is that the defensive issue of payment was improperly submitted. Querner's pleaded defense was that George had been paid in full "by reason of the transfer and assignment to plaintiff by these defendants of their claim under the collision policy * * * issued by International Fire Insurance Company, and which assignment plaintiff accepted in full payment of such account." The issue submitted inquired whether at the time George obtained proofs of loss from Querner, "he agreed with Ace Querner to release him, the said Ace Querner, from liability from the indebtedness incurred by Ace Querner for the materials and labor furnished by the said Richard George in repairing said trucks."

Defendant, Querner, in the trial below, leveled objections to the issue but requested nothing. The issue was relied upon by defendant and he should have requested his issue in writing in substantially correct wording. Port Terminal Railroad Association v. Noland, Tex.Civ.App., 288

S.W.2d 276, 281. However, the court submitted the issue which was in dispute in the record. Querner's defense of payment was that he had assigned to George his claim under the collision policy. No dispute developed on that type of payment, for all the evidence was that there was no assignment. The issue as submitted was more beneficial to complainant than the issue pleaded, and he was not harmed.

The judgment is affirmed.